SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. CITY OF RICHMOND.

(Circuit Court, E. D. Virginia. February 24, 1897.)

1. TELEGRAPHS AND TELEPHONES—POST ROADS—ACT JULY 24, 1866—RIGHTS IN STREETS.
    A corporation chartered as a telephone and telegraph company, and which maintains a telephone system through which, under contracts with its subscribers and with a company maintaining a telegraph system, its subscribers are connected with and transmit messages to the telegraph company, to be sent to points in other states and foreign countries, is entitled to the rights given by the act of congress of July 24, 1866, to aid in the construction of telegraph lines, and, on complying with the act, has the privilege of running its lines over and through the streets of a city, which are post roads of the United States, and such city has no right to prevent it from so doing, though it must pay its due proportion of taxes, and submit to the ordinary reasonable regulations of the state and city.

2. SAME—MUNICIPAL ORDINANCES.
    The rights and privileges given by the act of congress of July 24, 1866, to aid in the construction of telegraph lines, were conferred both on companies then existing and on those thereafter organized; and, upon the acceptance by any company of the terms of the act, the conditions of any municipal ordinance under which it had previously been operating, so far as inconsistent with the act, are abrogated.

Stiles & Holladay and Hill Carter, for complainant.
C. V. Meredith, for defendant.

GOFF, Circuit Judge. This case is now in my hands for hearing upon the bill of complaint and the demurrer thereto. The demurrer admits the allegations of the bill properly pleaded. Bearing this in mind, we will have but little trouble in reaching a conclusion on the questions now to be disposed of. The allegations in the bill claimed by the defendant to be legal conclusions, from the facts and circumstances set forth, will not be considered as admitted by the demurrer, unless such facts and circumstances are found to clearly sustain the contention of complainant. The complainant is a corporation duly organized, and doing business under the laws of the state of New York, and the defendant is a municipal corporation, existing under the laws of the state of Virginia. The complainant is engaged in the business of a telephone company, in, through, and between the states of Virginia, West Virginia, North Carolina, South Carolina, Georgia, Alabama, and Florida, and has been so engaged for the past 15 years. It has, in conducting its business, erected and maintained lines of wires and poles, through and along certain of the streets and alleys of the city of Richmond, under and by authority of the common council and board of aldermen of said city, and by virtue of the laws of the state of Virginia and of the United States. It is alleged that the complainant is a telegraph company under the laws of the United States and of the state of Virginia, and that it was chartered as such under the general laws of the state of New York relating to telegraph companies. It is set forth in the bill that complainant, in the city of Richmond, maintains a telephone office, connected by wires with a large number of subscribers, all of whom are connected with the office of the Western Union Telegraph Company in that city, and that all such subscribers may, and many of them do, transmit, through their instruments connected with said wires, and through such office of complainant, to the Western Union Telegraph Company, messages addressed and intended to be sent, and which are sent, to points in other states, the District of Columbia, and foreign countries, under an agreement which has existed for years between the complainant and said Western Union Telegraph Company. Complainant also claims that its wires, poles, and instruments, as located and used along and over the streets of the city of Richmond, are so located and used under the provisions of, and are protected by, the laws of the United States, for the reason that on the 13th day of February, 1889, it duly filed with the postmaster general of the United States its acceptance of the terms of the act of congress entitled "An act to aid in the construction of telegraph lines, and to secure to the government the use of the same for postal, military, and other purposes," approved July 24, 1866, by which it was, among other things, provided that any telegraph company then formed or thereafter organized under the laws of any state, which would file a written acceptance with the postmaster general of the restrictions and obligations of said act, should have the right to construct, maintain, and operate lines of telegraph over and along any of the military roads and post roads of the United States which had then been, or might thereafter be, declared such by law. It is also alleged that the city of Richmond, on the 26th day

of June, 1884, in pursuance of the power given it by section 1288 of the Code of Virginia, passed an ordinance, by which the complainant was granted permission to erect poles, and run wires thereon, for the purpose of telegraphic communication throughout the city of Richmond, on the public streets thereof, on such routes as might be specified and agreed upon by resolutions of the committee on streets from time to time, and upon the conditions and under the provisions of such ordinance. It is also alleged: That the city of Richmond, on the 14th day of December, 1894, passed an ordinance which provided "that the ordinance approved June 26, 1884, granting the right of way throughout the city to the Southern Bell Telephone & Telegraph Company, be, and the same is hereby, repealed." That by the fifth section of said ordinance of December 14, 1894, all the privileges and rights granted by the ordinance of June 26, 1884, were to cease at the expiration of 12 months from the approval of said repealing ordinance. Other allegations in the bill set forth it will not be necessary to consider in disposing of the questions now before me.

The defendant insists that the act of congress before mentioned, entitled "An act to aid in the construction of telegraph lines, and to secure to the government the use of the same for postal, military, and other purposes," does not apply to the complainant; and that, therefore, the claim made in the bill that the complainant is entitled to the rights and benefits secured thereby is without merit. The insistence is that the complainant is a telephone company, and that said act of congress only embraces telegraph companies. A number of courts, the decisions of which are worthy of our serious consideration, if not binding authority upon us, have held that a telephone company is a telegraph company, and that a company authorized to construct and operate telegraphs was empowered to establish a telephone service. On this question, see Attorney General v. Edison Tel. Co. of London, 6 Q. B. Div. 244; Wisconsin Tel. Co. v. City of Oshkosh, 62 Wis. 32, 21 N. W. 828; Cumberland Tel. & Tel. Co. v. United Electric Ry. Co., 42 Fed. 273; Duke v. Telephone Co., 53 N. J. Law, 341, 21 Atl. 460; Chesapeake & P. Tel. Co. v. Baltimore & O. Tel. Co., 66 Md. 410, 7 Atl. 809. In this case this contention is confidently made by counsel for complainant, and vigorously denied by the attorney for the city of Richmond. I do not find it necessary to decide it, for the reason that, in my judgment, the statements set out in the bill, and admitted by the demurrer to be true, show that the complainant is both a telephone and a telegraph company, and clearly entitled, if the proper action relating thereto has been taken, to claim the benefits and the protection given by said act of congress. It is distinctly charged, not only that the complainant is a telephone company engaged in such business in a number of states of the Union, but also that it is a telegraph company, chartered as such under the general laws of the state of New York. That being so, then the provisions of the act of congress mentioned are applicable; and, whatever action may be found proper hereafter when all the facts are before the court, I hold that, so far as the demurrer is concerned, this insistence of the defendant is without merit.

The defendant also claimed in its written demurrer filed in this

cause that, if said act of congress was intended to give to a telegraph company the right to erect poles and run wires along the streets of the city of Richmond without the consent of said city, such legislation was unconstitutional and void. This position was abandoned in the argument, and it was conceded that such act was constitutional; that all streets of the city of Richmond which are letter-carrier routes are post roads, within the meaning of said act; and that, under the same, a telegraph company can obtain a right of way for its poles and wires through and along the streets of a city without the consent of a municipality. These admissions are based on the decisions of the supreme court of the United States. Pensacola Tel. Co. v. W. U. Tel. Co., 96 U. S. 1; Telegraph Co. v. Texas, 105 U. S. 460; W. U. Tel. Co. v. Attorney General of Massachusetts, 125 U. S. 530, 8 Sup. Ct. 961; City of St. Louis v. W. U. Tel. Co., 148 U. S. 92, 13 Sup. Ct. 485; Id., 149 U. S. 465, 13 Sup. Ct. 990. I think it is plain that the complainant, under the allegations in the bill contained, is a corporation entitled to exercise all the functions granted to telegraph companies under the laws of the state of New York, and that, under the act of congress referred to, it has the privilege of running its lines through and over the streets of the city of Richmond, that are post roads of the United States, and that said city has no right to prevent it from so doing. While it is true that telegraph companies claiming the right under the laws of the United States to enter the territory of a state, and erect their poles and lines therein, must pay their due proportion of taxes, and submit to the ordinary reasonable regulations of the state and municipal authorities whose highways they use, and whose protection they claim and receive, still it is also true that neither the state nor the municipal authorities can prohibit them from entering their respective jurisdictions, nor require them to remove therefrom after they have established their lines. Such companies must submit to proper and reasonable local regulations, but they will not be expected to acquiesce in a city ordinance, not intended to regulate its management, but passed for the purpose of destroying its existence.

I think the bill alleges such facts as show the complainant to be engaged in interstate commerce, and I find that the claim of defendant that the business of complainant company is purely local in character is not sustained. The case made by the pleadings is as I have indicated. What the result may be when the evidence is in is yet to be found.

The defendant also insists that if the complainant erected its poles and lines under the authority of the ordinance of the city of Richmond passed June 26, 1884, it cannot afterwards, by accepting the provisions of the act of congress of July 24, 1866 (14 Stat. 221; Rev. St. § 5263 et seq.), thereby render of no effect the stipulations contained in said city ordinance. To what extent the complainant is bound by the terms of the ordinance of June 26, 1884, it is not necessary to determine; but that it is protected by the act of congress referred to (by virtue of its acceptance of the restrictions and obligations of the same, which was filed with the postmaster general of the United States February 13, 1889), and that it may rely upon it for the pur-

pose of preventing its poles and lines from being removed, and its property destroyed, is, I think, under the circumstances set forth in the bill, so clear that there is not room for doubt. Said act of congress was intended to apply to telegraph companies in existence at the time it was passed, as well as those that might be organized thereafter, provided such companies accepted the terms of the same in manner before mentioned. If such companies had been organized under state laws, and had been transacting business under the provisions of municipal ordinances, and then subsequently accepted the terms of said act of congress, it follows that the state and city laws, in so far at least as they conflicted with such national legislation, were inoperative and void, and for the reason that they concerned matters over which the congress had supreme control by virtue of direct constitutional authority.

Holding as I do on the questions referred to, it becomes immaterial to further consider the matters raised by the demurrer and discussed by the counsel, for the reason that, decide them as I may, still the jurisdiction of the court to hear and determine this case must be maintained. They can be considered hereafter, if necessary, when they have been more fully presented by answer and testimony. I will pass a decree overruling the demurrer, and giving the defendant the usual time in which to answer. The injunction as prayed for by complainant will be granted, to remain in force until the further order of this court.