SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. CITY OF RICHMOND.

(Circuit Court, E. D. Virginia. December 30, 1899.)

1. TELEPHONES—RIGHT TO USE OF STREETS—CONSENT OF CITY.

Under the Code of Virginia (section 1287), which requires the consent of the council of a city or town to authorize the use of its streets by a telegraph or telephone line, a telephone company which acquired the right to erect and maintain its poles and wires in the streets of a city through an

ordinance, the terms of which it accepted, is bound by a provision of such ordinance reserving to the council the right to repeal the same at any time, —the repeal to take effect 12 months from its date,—and its right to maintain its lines in the streets terminates at the expiration of a year from the date of passage of a repealing ordinance.

2. MUNICIPAL CORPORATIONS—REPEAL OF ORDINANCE.
   Where an ordinance granting rights in the streets of a city expressly reserved to the council the power of repeal, the reasons which induced the passage of a repealing ordinance cannot be inquired into by the courts, to affect its validity.

This was a suit in equity to enjoin the enforcement of certain city ordinances affecting the right of complainant to maintain its poles and wires in the streets of defendant city.

George H. Fearons, Leake & Carter, and Stiles & Holladay, for complainant.

Henry R. Pollard, for defendant.

GOFF, Circuit Judge. For a statement of this case, and the action of this court herein heretofore, see 78 Fed. 858. The circuit court of appeals modified the decree entered by this court, and remanded the case, with instructions as set forth in the opinion of that court. 42 U. S. App. 686, 28 C. C. A. 659, 85 Fed. 19. The supreme court of the United States, on certiorari to the court of appeals for the Fourth circuit, remanded the cause to this court, with directions that further proceedings be had herein in conformity with the principles as announced in the opinion of that court. 174 U. S. 761, 19 Sup. Ct. 778, 43 L. Ed. 1162. Mr. Justice Harlan, in closing the opinion of the supreme court (174 U. S. 778, 19 Sup. Ct. 784, 43 L. Ed. 1169) says: .

"What rights the appellee had or has under the laws of Virginia and the ordinances of the city of Richmond is a question which the circuit court did not decide, but expressly waived. It is appropriate that that question should first be considered and determined by the court of original jurisdiction."

The only questions in this case at this time therefore relate to the rights of the complainant under section 1287 of the Code of Virginia, and under the ordinances passed by the council of the city of Richmond granting the consent of that city to the Southern Bell Telephone & Telegraph Company to use its streets with the poles and lines of that company, and also under the ordinances repealing the resolution of consent, and relating to the joint use of poles erected for the support of wires used in connection with the transmission of electricity. Said section of the Virginia Code is as follows:

"Every telegraph and every telephone company incorporated by this or any other state, or by the United States, may construct, maintain and operate its line along any of the state or county roads or works and over the waters of the state and along and parallel to any of the railroads of the state, provided the ordinary use of such roads, works, railroads and waters be not thereby obstructed; and along or over the streets of any city or town, with the consent of the council thereof."

The ordinance of the city of Richmond under which complainant claims the right to use the streets of that city for the poles and wires of its lines was passed June 26, 1884; and while it plainly granted

permission to the Southern Bell Telephone & Telegraph Company to erect poles, and run wires thereon, on the public streets of said city, upon the conditions and under the provisions of said grant, it also, in its fifth section, reserved to the council of the city the right to repeal said entire ordinance at any time, such repeal to take effect 12 months after the adoption of the repealing resolution. The complainant accepted the terms of the ordinance giving said consent, and erected its lines along and over the streets of the city of Richmond under the provisions of the same. Having agreed with the city, for reasons of its own, to the terms, conditions, and restrictions of said ordinance, and having for years acquiesced in the same, complainant should not now be permitted to either deny its validity or escape its requirements. The city of Richmond, exercising the right of repeal reserved by it, on the 14th day of December, 1894, repealed the ordinance of June 26, 1884, granting the right of way throughout the city to the Southern Bell Telephone & Telegraph Company, such repeal to take effect 12 months thereafter. Consequently the complainant on and after the 14th day of December, 1895, had, under the laws of Virginia and the ordinances of the city of Richmond, no legal right to occupy the streets of that city, and use the same for its poles and wires. This court is not to pass upon the propriety of the ordinance of repeal; for the power of repeal does not depend on either the necessity for it, or on the soundness of the reasons assigned for it. The supreme court having held that the act of the congress of the United States of July 24, 1866, entitled, "An act to aid in the construction of telegraph lines and to secure to the government the use of the same for postal, military and other purposes" (14 Stat. 221, c. 230), does not apply to and protect the complainant; and this court now finding that under the laws of Virginia, and the ordinances of the city of Richmond, the Southern Bell Telephone & Telegraph Company has no right to use the streets of that city, it follows that the bill is without merit, and that the relief as asked for must be denied. I will pass a decree dissolving the injunction heretofore granted, and dismissing the bill.