JOSEPH H. JOHNSON

v.

JOHN C. STINGER.

*Trespass—Evidence—New. Trial.*

1. In the absence of a defense, evidence in a suit of trespass *quare clausum fregit*, that the *locus in quo* has been in the undisputed possession of the plaintiff for over fifty years, and that defendant has encroached thereon by building a fence, doing no other damage, will warrant a recovery of at least nominal damages.

2. In the case presented, this court hold that the defendant has failed to show a good defense, and that the judgment in his favor can not stand.

[Opinion filed May 21, 1891.]

APPEAL from the Circuit Court of Marshall County; the Hon. LAWRENCE W. JAMES, Judge, presiding.

Messrs. BARNES & BARNES, for appellant.

Messrs. EDWARDS & EVANS, for appellee.

LACEY, J.  This was a suit of trespass *quare clausum fregit* by the appellant against appellee.

The former showed on the trial that the *locus in quo* had been in his undisputed possession for over fifty years and that appellee had encroached on such possession by putting a fence on it without authority, though doing no other damage to the property.  This, unless some defense be shown, entitles appellant to recover at least nominal damages, which are alone claimed.

As we understand it, appellee claims that the declaration and pleadings narrow the question down to a supposed trespass on lot No. 12, and that he has shown that the trespass was not committed on lot 12 but on ground just west of it. We are unable to agree with him in this regard, as the possession of appellant was in the inclosure claimed by him for fifty years as being a part of lot 12, and we think under the evidence the *locus in quo* must be regarded as a part of lot 12. But we suppose the main defense is that the appellant can not maintain this action because he was not at the time of the building of the fence in the actual possession of the land but had surrendered it to his tenant, McKeal, to raise a crop of corn and tomatoes on about eight acres of the lot.  We think McKeal, by the terms of the leasing, had not the exclusive possession of the lot, but had only the right to raise the crop and remove it, without other right, and especially he had no possession of the place where appellee built the fence complained of.

There appears to have been no defense to this action.  It is insisted, however, that as the damages were only nominal, a new trial will not be awarded, and the case of Comstock v. Brosseau, 65 Ill. 39, and other like cases are cited.

That case is entirely different from this.  There, only the mere possession of a person who claimed no interest in the land was involved, and if even in rightful possession, was a

trespasser and wrong-doer. There was no damage to his personal property. In this case the appellant was in the long and undisputed possession of the premises, claiming title. If this judgment is allowed to stand, his claim of possession may be destroyed and interrupted and his rightful title seriously embarrassed.

Seeing no defense to the action the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*