## American Telephone and Telegraph Co. v. Cyrus Jones.

1. COMMISSIONERS OF HIGHWAYS—*Authority to License Telegraph Companies to Erect Poles in the Highway.*—In an action of trespass for setting telegraph poles in the highway along the plaintiff's premises a special plea setting up that the *locus in quo* is a public highway on which the appellant was authorized by law to construct lines of telegraph poles upon obtaining the consent of the county board and of the commissioners of highways of the town in which the highway is situated, is not a good plea.

2. HIGHWAYS—*Telegraph Poles Impose an Additional Burden, etc.*— The use of the land within a highway for the poles and wires of telegraph companies imposes a new and additional burden upon the fee of the land therein, other than that contemplated by the taking of the land for the purpose of a highway.

3. TRESPASS—*Possession Necessary in Bringing the Action.*—In order to maintain the action of trespass *quare clausum fregit* the plaintiff must show that at the time of the alleged trespass he was in possession, or, if the lands are unoccupied, there was no other exclusive possession.

4. AGENTS—*To Collect Rents—No Implied Authority to License Telegraph Companies to Set Poles.*—An agent, with authority to lease farms and collect rents, has no implied authority to license telegraph companies to erect poles in the highway in front of such farms.

5. POSSESSION—*Of Highways in Front of Lands Occupied by Tenants.* —The owner of lands occupied by tenants has such a possession of the highway in front of such lands as will enable him to maintain an action of trespass against a telegraph company for erecting poles therein without his consent.

6. STATUTE OF FRAUDS—*Acts Which Amount to a Permanent Interference with the Use of Land.*—Acts which amount to a permanent interference with the soil and use of the land, ought not to be exercised by any one except those having a durable and fixed interest in the same, such as can only be granted by the owner, or his agent duly authorized in writing so to do, in order to be binding upon the owner, when he invokes the statute of frauds.

**Trespass Quare Clausum Fregit.**—Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

ROWELL, NEVILLE & LINDLEY, attorneys for appellant.

PEIRCE & PEIRCE, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of trespass *quare clausum fregit*, commenced January 16, 1897, in the Circuit Court of McLean County, by the appellee against the appellant, and upon trial by jury resulted in a verdict for $50 damages, upon which judgment was rendered. The appellant brings the case to this court by appeal, and urges us to reverse the judgment on the grounds that (1) the court erred in sustaining a demurrer to the second special plea; (2) the court erred in its rulings on the evidence; (3) the court erred in giving improper and refusing proper instructions; and (4) the verdict is contrary to the law and evidence and the damages assessed excessive.

The declaration averred among other things that while the appellee was lawfully seized and possessed of two tracts of land in McLean county, Illinois, one containing 200 and the other eighty acres, the appellant with force and arms broke and entered the same, and then and there dug divers holes or pits in which it placed and set up poles from twenty to thirty feet high, and put cross-bars on the upper part of the poles, on which it stretched a large number of wires, and cut trees growing on said land, and took possession of a large portion of each of said tracts of land, thereby greatly damaging the appellee.

To this declaration the appellant pleaded not guilty, license from the appellee, and a special plea setting up that the *locus in quo* was a public highway on which the appellant was authorized by law to construct lines of telegraph and telephone, upon obtaining the consent of the county board of McLean county and of the commissioners of highways of the town in which the highway was situated, and averring that it had obtained such consent before it set up said poles and stretched said wires, which was done for the purpose of constructing lines of telegraph and telephone upon said highway; and all this was done without unnecessary damage to said land; and that the construction and operation of said lines in said highway, with the necessary poles and fixtures for supporting the same, did not impose

any new and additional burden upon the soil and fee simple thereof of the appellee therein different from the public use to which the land in said highway was theretofore and still is devoted as a public highway. Issue was joined on the first two pleas and a demurrer interposed to the third (or " special plea " as it is called in this record). The court sustained the demurrer and appellant stood by its plea. The demurrer we think was properly sustained to the third or special plea, for the reasons given in the case of Board of Trade Telegraph Co. v. Barnett, 107 Ill. 507. The evidence showed that the appellee lived in California and owned two farms in McLean county, Illinois, which was the land described in the declaration, and that for the year 1896 these farms were rented for farm purposes to two tenants by a verbal lease, made by the appellee through a brother of his who lived near these farms and acted as his agent in renting the farms and collecting the rents. There was a public road on both of these farms separated from the cultivated fields thereof by a live hedge fence. On May 28 and 29, 1896, the appellant planted thirty-seven telegraph poles and stay poles about eighteen to twenty feet high on this road, and from one to two feet distant from the hedge fence, and cut a walnut tree standing along the fence; at the top of these poles were fastened cross-pieces upon which were strung six wires, the whole constituting a part of telegraph and telephone lines, belonging to and operated by the appellant. The witnesses who testified placed the damages to the appellee's land occasioned by this at from nothing to $100. The appellant offered to prove by the brother of the appellee that he, as agent of the appellee, gave the appellant license to put up these poles, cross-bars and wires on this road, but failed to show any authority from the appellee to do so, except such as might be implied from his authority to lease the farms and collect rents, as above stated, but on objection thereto by the appellee, on the ground that the brother was not shown to have had written authority from the appellee to give such license as is required by our statute of frauds, the court sustained the objection and the appellant ex-

cepted.   This ruling is claimed by the appellant as reversible error on the ground that such authority need not be in writing and is implied from the authority to rent the lands and collect the rents.

.  .  We do not think the court ruled improperly on this rejected evidence, because the acts complained of by the appellee, as constituting the trespass and shown by the evidence, were not such as were in any manner connected with renting the farms and collecting the rents, but acts which amount to a permanent interference with the soil and use of the land which ought not to be exercised by any one except those having a durable and fixed interest in the lands, such as can only be granted by the owner or his agent duly authorized in writing so to do, in order to be binding upon the owner when he invokes the statute of frauds, as was done here.   The verdict was not against the law and the evidence under the rule laid down in the Barnett case, *supra*, and re-announced in Postal Telegraph and Cable Co. v. Eaton, 170 Ill. 513, unless under the evidence the appellee did not have such possession of the *locus in quo* as enables him to maintain this action.   The evidence shows upon this point that these farms were leased to tenants of the appellee to cultivate and remove farm crops in and from the fields thereof, and that the parts of the farm where the trespass was committed were fenced out therefrom for a road and were not in the possession of the tenants.   As the parts of these farms constituting the road were not in the actual possession of these tenants but were (except as to the public for road puposes) vacant and unoccupied, it seems to us that the appellee, by virtue of his ownership thereof in fee, had such possession thereof in law as enables him to maintain this action as against the appellant, a stranger thereto, when it committed the trespass complained of. Johnson v. Stinger, 39 Ill. App. 180.   We are aware of the rule that makes this a possessory action and requires generally that to maintain it the plaintiff must be in possession of the *locus in quo*, but it is also well settled that such general rule has at least this exception, that where the plaintiff

is owner and the lands are unoccupied, then his ownership in law draws to it the possession sufficient to maintain the action as against a stranger. 1 Chit. Pl. 177, and cases in notes; Smith et al. v. Wunderlich et al., 70 Ill. 426, and St. L., V. & T. H. R. R. Co. v. Town of Summit, 3 Ill. App. 155. From the evidence we do not consider the damages excessive. Some of the instructions given ought to have been refused, since they were not accurate and might have been prejudicial to the appellant had there been any conflict in the evidence on the points covered by them; but as there was none, the giving of them was not such prejudicial error as ought to reverse this judgment, based as it is on a verdict abundantly sustained by the evidence. We find that the court fully instructed the jury in behalf of the appellant and rightfully refused all the instructions requested by it that were refused, and are satisfied, on the whole record, substantial justice has been done the appellant in this case, and we therefore affirm the judgment.   Judgment affirmed.