**In re COLUMBIA RIVER–LONGVIEW BRIDGE CO.**

**No. 11817.**

District Court, W. D. Washington, S. D.
Nov. 5, 1937.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., for petitioning claimant.

Lewis, Black & Ghormley, of Seattle, Wash., for debtor corporation.

CUSHMAN, District Judge (after stating the facts as above).

Section 2 of the Bridge Act of March 23, 1906 (title 33, U.S.C.A. § 492), provides: "Any bridge built in accordance with the provisions of this chapter, sections 491 to 498, inclusive, shall be a lawful structure and shall be recognized and known as a post route, upon which no higher charge shall be made for the transmission over the same of the mails, the troops, and the munitions of war of the United States than the rate per mile paid for the transportation over any railroad, street railway, or public highway leading to said bridge; and the United States shall have the right to construct, maintain, and repair, without any charge therefor, telegraph and telephone lines across and upon said bridge and its approaches; and equal privileges in the use of said bridge and its approaches shall be granted to all telegraph and telephone companies."

Section 4 of such act (33 U.S.C.A. § 494), in part, provides: "If tolls shall be charged for the transit over any bridge constructed under the provisions of this chapter, sections 491 to 498, inclusive, of engines, cars, street cars, wagons, carriages, vehicles, animals, foot passengers, or other passengers, such tolls shall be reasonable and just, and the Secretary of War may, at any time, and from time to time, prescribe the reasonable rates of toll for such transit over such bridge, and the rates so prescribed shall be the legal rates and shall be the rates demanded and received for such transit."

There is neither railroad nor street railway leading to this bridge nor is there any charge made for transportation or passage over the highways leading to it.

It has not been contended that the charges made were unreasonable or that the Secretary of War has prescribed other or any rates.

It has been contended that the intent of Congress shown by section 2 of the act is that when, upon the public highway leading to a bridge authorized under the act, no charge is made for transportation, there is no right to require payment for the transmission of the troops and munitions of war of the United States.

No question has been made but that the military personnel and federal property of the "claim" were such "troops" and "munitions of war."

The statute is not to be so construed. The words "public highway" have two meanings. They include not only a highway owned and used by the public but also a highway used by the public though not owned by it, in which case there would be included "toll roads."

■■■■ It is with the latter meaning that the words "public highway" are used in section 2. The intent shown is that, where there is a charge made for transportation over a highway leading to a bridge, the charge made for the passage of the troops and munitions of war of the United States shall not exceed such charge per mile over the bridge, and not an intent that there shall be no charge for such passage in case there was no charge for transportation over such highway.

It is to be assumed that the cost per mile of bridge construction would exceed the average cost per mile of highway construction, hence the limitation.

Nothing is found in the statute showing any other intent, in the matter here in question, because of the different shades of meaning to be given the words of the act "transmission," "transportation" and "transit".

The claim will be disallowed, and the motion to dismiss will be granted.