## UNITED STATES et al. v. COLUMBIA RIVER–LONGVIEW BRIDGE CO.

### No. 8735.

Circuit Court of Appeals, Ninth Circuit.

Oct. 24, 1938.

J. Charles Dennis, U. S. Atty., of Seattle, Wash., and Oliver Malm, Asst. U. S. Atty., of Tacoma, Wash., for appellants.

Warren H. Lewis and Wendell W. Black, both of Seattle, Wash. (Harry J. Gerrity, of Washington, D. C., of counsel), for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Is the United States required to pay tolls for transporting munitions of war across a toll bridge constructed pursuant to the Bridge Act of 1906, where the public highway leading to the bridge is a "free" highway. The trial court decided in the affirmative.

The Bridge Act of 1906 (Act of March 23, 1906, 34 Stat. 84, 33 U.S.C.A. § 491 et seq.) relating to bridges over navigable waters of the United States provided in § 2, 33 U.S.C.A. § 492: "Any bridge built in accordance with the provisions of this Act [chapter, sections 491 to 498, inclusive] shall be * * * known as a post route, upon which no higher charge shall be made for the transmission over the same of the mails, the troops, and the munitions of war of the United States than the rate per mile paid for the transportation over any railroad, street railway, or public highway leading to said bridge; and the United States shall have the right to construct, maintain, and repair, without any charge therefor, telegraph and telephone lines across and upon said bridge and its approaches; * * *" and provides in § 4, 33 U.S.C.A. § 494: "* * * If tolls shall be charged for the transit over any bridge constructed under the provisions of this Act [chapter, sections 491 to 498, inclusive] * * * such tolls shall be reasonable and just, and the Secretary of War may, at any time, and from time to time, prescribe the reasonable rates of toll for such transit over such bridge, and the rates so prescribed shall be the legal rates and shall be the rates demanded and received for such transit."

By the Act of January 28, 1927, 44 Stat. 1053, Congress gave consent to the construction of a bridge over the Columbia River, from Longview, Washington to Rainier, Oregon, in accordance with the Act of March 23, 1906, 33 U.S.C.A. § 491 et seq., and by section 2, granted authority "to fix and charge tolls for transit over such bridge, and the rates so fixed shall be the legal rates until changed by the Secretary of War under the authority contained in such Act of March 23, 1906."

Appellee was incorporated in Delaware on October 19, 1928, and became the owner of the bridge which was constructed pursuant to the foregoing statutes. On September 23, 1935, it filed in the court below, a petition to reorganize under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. On the following day the court below approved the petition as properly filed, and continued appellee in possession of the property.

On July 11, 1936, two trucks belonging to the United States, containing military personnel and property, were driven over the bridge, above-mentioned. A toll of $2.55 was exacted. On July 25, 1936, the same trucks passed over the bridge on the return trip, and another toll of $2.55 was exacted. Ellis, a disbursing officer of the army claimed credit in his account for the two tolls, amounting to $5.10. On May 20, 1937, the Comptroller General of the United States disallowed the credit on the ground that: "The United States is not required to pay tolls for the movement of its mails, troops or munitions of war over bridges constructed under authority of Congress pursuant to the General Bridge Act of March 23, 1906 * * *"

On June 18, 1937, Ellis wrote the court below, explaining the situation and requested an order requiring appellee to repay him $5.10. The letter was treated as a petition, and a show cause order was issued on June 21, 1937. On June 26, 1937, appellee moved to dismiss the petition. The trial court held that the words "public highway" included highways owned and used by the public, and highways used but not owned by the public, which latter highways would include toll roads, and that: "The intent shown is that where there is a charge made for transportation over a highway leading to a bridge, the charge made for the passage of the troops and munitions of war of the United States shall not exceed such charge per mile over the bridge, and not an intent that there shall be no charge for such passage in case there was no charge for transportation over such high-

way." In re Columbia River Longview Bridge Co., D.C., 21 F.Supp. 197, 198. On December 4, 1937, an order was entered dismissing the petition. The United States, which apparently appeared pursuant to the show cause order, and Ellis appealed.

Appellants contend that since the highways leading to the bridge are "free" highways, and since the act, of March 23, 1906, limits payment to "the rate per mile paid for the transportation over any * * * public highway leading to said bridge", no tolls can be properly charged in the case presented.

We think this contention cannot prevail. Prior to enactment of the Act of March 23, 1906, 33 U.S.C.A. § 491 et seq., there had been many statutes relating to bridges, clearly stating when government employees and property must be given free passage. See, e. g., Act of March 2, 1805, 2 Stat. 330; Act of February 5, 1808, 2 Stat. 457, 461; Act of August 1, 1842, 6 Stat. 848, 849; Act of September 25, 1890, 26 Stat. 470; 7 Dec. Comptroller of the Treasury 873. The clarity of the prior statutes, leads to the conclusion that Congress did not intend all inclusive "free" passage in the Act of March 23, 1906, but intended to limit the amount of bridge tolls where there were toll highways leading to the bridge. This conclusion is further strengthened by the administrative interpretation of the act in question, which until recently was in accord with that view. Army Regulations, 1908, Art. LXXIV, Par. 1134; Army Regulations No. 35-6120, Par. 14; Army Regulations No. 30-920, Par. 3. The recent change to the contrary was brought about by the Comptroller General's decision. The previous administrative interpretation is entitled to great weight. United States v. Missouri Pac. R. Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322; United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361.

Appellants further contend that any "ambiguity in the terms of the grant must operate in favor of the" United States. Cf. Charles River Bridge v. Warren Bridge, 36 U.S. 420, 11 Pet. 420, 428, 9 L.Ed. 773. We believe that rule to be applicable only in the absence of other facts which disclose the intention of Congress. Here it appears that we have other facts to aid in the interpretation.

Affirmed.