THE POSTAL TELEGRAPH-CABLE COMPANY

*v.*

HENRY A. EATON.

*Opinion filed December 22, 1897.*

1. HIGHWAYS—*abutting owner retains right to the soil subject only to public easement.* The owner of the land over which a public highway is laid out has the exclusive right to the soil, subject only to the right of travel in the public, and the incidental right of keeping the highway in proper repair for public use.

2. SAME—*construction of telegraph line along highway constitutes an additional burden.* The construction of a telegraph line along a public highway constitutes an additional burden upon the fee, for which the owner of the fee is entitled to compensation.

3. SAME—*consent of county board to construction of telegraph line on highway is not binding on owner of fee.* The consent of a county board to the construction of a telegraph line along a public highway does not bind the owner of the fee in such highway, nor deprive him of his right to compensation.

4. EJECTMENT—*owner of the fee in highway may maintain ejectment.* The owner of the fee in a public highway may maintain ejectment against a telegraph company which has constructed its telegraph line along the highway with the consent of the county board but without obtaining the right of way from the owner of the fee, by his consent or by condemnation proceedings.

170—33

5. SAME—*right to bring ejectment against trespasser passes to owner's grantee.* A telegraph company which has constructed its telegraph line along a public highway without obtaining the right of way by consent of the owner of the fee or by condemnation proceedings is a trespasser, and the right of the owner of the fee to bring ejectment against such telegraph company passes to his grantee.

APPEAL from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

WILLIAM P. BRADSHAW, LOESCH BROS. & HOWELL, and FRANK J. LOESCH, for appellant.

TRAVOUS & WARNOCK, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of ejectment brought by Henry A. Eaton, appellee, against the Postal Telegraph-Cable Company, for the purpose of compelling the removal of the defendant's line of telegraph poles from a public highway known as the Edwardsville and Hillsboro road, which was located over and upon appellee's land.

It appears from the record that the Board of Trade Telegraph Company in 1882 constructed its telegraph line over a public highway known as the Edwardsville and Hillsboro road by the consent of the board of supervisors of Madison county, under a resolution of the board adopted at a regular meeting upon the request of the telegraph company. The resolution granting the right contained the following conditions: "Said line shall start at or near New Douglas and run in a south-west direction, and terminate at or near Venice, in said county, the poles to be set not over two and one-half feet from the margin of the road, not to interfere with ditches and water drains; poles to be eighteen feet high and well set and braced, and the wire to be kept tight, and they are to establish but one line, and by them securing the right of way in the several townships." The telegraph company went on and constructed its line under this resolution

of the board of supervisors, without, however, obtaining consent or right of way from the land owners along the highway. The Board of Trade Telegraph Company operated its line until 1886, when the line was leased to appellant, the Postal Telegraph-Cable Company, and that company has continued to operate the line since that time under its lease.

It is not denied that a telegraph company organized under the laws of this State may, under our Eminent Domain act, acquire property upon which it may erect its telegraph line. Indeed, section 2 of the act relating to telegraph companies (Rev. Stat. 1874, p. 1052,) makes provision for such companies to acquire property, as follows: "Every such company may enter upon any lands for the purpose of making surveys and examinations with a view to the erection of any telegraph line, and take and damage private property for the erection and maintenance of such lines, and may, subject to the provisions contained in this act, construct lines of telegraph along and upon any railroad, road, highway, street or alley, along or across any of the waters or lands within this State, and may erect poles, posts, piers or abutments for supporting the insulators, wires and other necessary fixtures of their lines, in such manner and at such points as not to incommode the public use of the railroad, highway, street or alley, or interrupt the navigation of such waters." Section 4 of the same act provides: "No such company shall have the right to erect any poles, posts, piers, abutments, wires or other fixtures of their lines along or upon any road, highway or public ground outside the corporate limits of a city, town or village without the consent of the county board of the county in which such road, highway or public ground is situated, nor upon any street, alley or other highway or public ground within any incorporated city, town or village without the consent of the corporate authorities of such city, town or village."

It is contended in the argument that the county board having given consent to occupy the highway, and the consent having been acted upon, the owner of the fee of the highway cannot maintain an action of ejectment. Where a highway is laid out over lands outside of an incorporated city, town or village, the public acquires only an easement of passage over the lands, with the rights and incidents thereto, while the owner of the land over which the road is laid out retains the fee and ownership of everything connected with the soil, for all purposes not incompatible with the right of the public to a free and unobstructed use of the road as a public highway. (*Town of Palatine* v. *Kreuger*, 121 Ill. 72.) Elliott, in his work on Roads and Streets, (p. 519,) in the discussion of the question says: "The abutter has the exclusive right to the soil, subject only to the easement of the right of passage in the public and the incidental right of properly fitting the way for use. Subject only to the public easement, he has all the usual rights and remedies of the owner of the freehold. He may sink a drain under the road, * * * he may mine under it. The herbage and trees growing thereon belong to him." At pages 535 and 536 the author says: "He may maintain trespass against one who unlawfully cuts and carries away the grass, trees or herbage, and even against one who stands upon the sidewalk in front of his premises and uses abusive language against him, refusing to depart. He may also maintain ejectment against a railroad company which has placed its track upon his side of the street without paying or tendering damages therefor, or against an individual who has wrongfully and unlawfully encroached thereon." In *Cole* v. *Drew*, 44 Vt. 49, in considering the question the court said: "The owner of the soil over which a highway is located is entitled * * * to the entire use of the land, except the right which the public have to use the land and materials thereon for the purposes of building and maintaining a highway suitable for

the safe passage of travelers.    This doctrine has been long established."

Other cases holding the same doctrine might be cited, but the rule that the owner of the land upon which a public highway is laid out has the exclusive right to the soil, subject to the easement of the right of travel in the public, and the incidental right of keeping the highway in proper repair for the use of the public, is so well established that the citation of other authorities is not deemed necessary.

If, then, appellee was the owner of the fee subject to the easement, as we have seen he was, has he the right to maintain ejectment?    In *Smith* v. *Chicago, Alton and St. Louis Railroad Co.* 67 Ill. 191, it was held that ejectment would lie against a railroad corporation by the owner of the fee, for land taken and used by it for the purposes of its road, where the land had not been condemned under proceedings instituted for that purpose in the mode prescribed by law.    If an action of ejectment may be maintained against a railroad company by the owner of the fee where land has been taken by the railroad company without instituting proceedings to condemn, upon the same ground no reason occurs to us which would prevent the owner of the fee from maintaining an action of ejectment where possession has been taken by a telegraph company.    Indeed, the two cases stand upon the same ground, and if a recovery may be had in the one case a recovery may also be had in the other.

The question whether the owner of the fee of a highway may bring ejectment has arisen in other States, and it has been expressly held that the action will lie.    In *T. H. & S. Ry. Co.* v. *Rodel,* 46 Am. Rep. 166, in the discussion of the question the court said:    "The doctrine that the owner of the fee may maintain ejectment for the land covered by a public highway is as old, at least, as *Goodtitle* v. *Alker,* 1 Burr. 133.    Lord Mansfield there said: 'I see no ground why the owner of the soil may not bring

ejectment as well as trespass. * * * 'Tis true, he must recover the land subject to the way; but surely he ought to have a specific remedy to recover the land itself, notwithstanding its being subject to an easement upon it.'" The court again says, on page 167: "We have no doubt at all as to the right of the owner of the fee to maintain ejectment against a wrongdoer, although the fee is burdened by a public easement. Our own cases, as we have shown, so declare, and so do all the well considered cases." See, also, *Carpenter* v. *O. & S. R. R. Co.* 24 N. Y. 655, and *Robert* v. *Sadler*, 104 id. 229.

In *Indianapolis, Bloomington and Western Railroad Co.* v. *Hartley*, 67 Ill. 439, it was held that where the public have acquired an easement over a person's land for an ordinary street or highway, the location of the track of a railroad on the same is an additional burden and servitude upon the land, which will entitle the owner to additional compensation; that such an act is an exclusive appropriation by the railroad company of the soil to its own use which the owner had the right himself to use for any purpose not inconsistent with the public easement, and that hence it is taking private property for public use, which cannot be done without making just compensation.

In *Board of Trade Tel. Co.* v. *Barnett*, 107 Ill. 507, an action of trespass was brought by an owner of land abutting on a highway, to recover damages alleged to have been sustained by the erection of a telegraph line on the highway, and the court held that the construction and maintenance of a telegraph line upon the highway was a new and additional burden on the fee, to which it was not contemplated it should be subjected when the road was laid out, and that the owner of the fee was entitled to recover additional compensation for such use; that if the construction of the telegraph line was an additional burden on the fee, as the fee belonged to the appellee that burden could not be imposed upon the land unless compensation was made as provided by law.

The appellee here was the owner of the fee, subject to the easment of the public to use the land for a public highway. He had been compensated for this public use, and could make no objection to the right of the public to use the land for a public highway, but no additional burden could be imposed upon the fee without compensation. When appellant, therefore, entered upon and took possession of the land and erected its line without instituting proceedings to condemn, as required by law, it was a trespasser, and no reason appears why appellee might not sue in trespass and recover such damages as he had sustained, or bring ejectment and regain his property in the condition it was in when appellant entered upon it.

But it is said the telegraph company obtained the right to construct its line from the county board of Madison county, and the authority of the county officers to grant a license of this character cannot be questioned in a proceeding of this kind. The consent of the county board of Madison county that the line might be erected on the public highway would no doubt be binding on the county and the road authorities in the several towns through which the highway runs upon which the line was authorized to be constructed, but the county board could give no consent which would be binding on any owner of the fee in the highway where the line was constructed. The right of the owner of the fee was beyond the control of the county board. His right is predicated on that provision of the constitution which declares that "private property shall not be taken or damaged without just compensation." The legislature had no authority to confer power on the county board to authorize the appellant company to take appellee's land without compensation, and hence the county board was powerless to give such authority. But it will not be necessary to consider this question further, as it was settled against appellant in *Board of Trade Tel. Co.* v. *Barnett, supra,* as will be found upon an examination of that case.

It is, however, said that appellee purchased the land after the telegraph line was constructed, with full notice that the line had been constructed, and hence he took the land with the burden upon it. It is no doubt true that appellee purchased the land subject to all rights appellant possessed in it; but the trouble with appellant is, by taking possession without making compensation to the owner of the fee it acquired no rights as against such owner, and when appellee purchased he acquired all the rights in the land possessed by his grantor, and if his grantor was entitled to bring ejectment this right passed to appellee. Whether appellee could maintain trespass, or whether he would be barred by the Statute of Limitations had such an action been brought, is a question not presented by this record. The sole question here is the right of appellee to maintain ejectment. The circuit court held that he had that right, and we think the judgment correct, and it will be affirmed.

*Judgment affirmed.*