## Ann C. Burrall,

*v.*

## American Telephone and Telegraph Co. of Illinois.

*Opinion filed December 22, 1906.*

1. Telephones—*telephone line in highway is additional burden.* A telephone line in a public highway is an additional burden upon the fee, for which the owner of the fee is entitled to compensation; and the unauthorized maintenance and user of such line, and the addition of new cross-arms, wires and insulators, constitute an additional trespass, which a court of equity has jurisdiction to prevent by injunction.

2. INJUNCTION—*when delay in asking for injunction does not defeat relief.* Mere delay by the owner of the fee in a public highway in asking for an injunction to compel the removal of telephone poles and restrain further trespasses does not defeat her right to relief, where the telephone company knew of her ownership in the fee and has not been in any way misled to its prejudice by reason of such delay, which has not been of such duration as to bar the complainant's rights.

3. SAME—*what does not defeat right to have telephone poles removed.* The facts that a telephone company must make a detour around complainant's land if it is obliged to remove its poles from the highway, in which she owns the fee, and that the public will be inconvenienced in sending messages during the time necessary to make the change, do not defeat the complainant's right to an injunction, since the injunction will not prevent the telephone company from acquiring the right of way by grant from the complainant or by condemnation.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

STURGEON, STELCK & STURGEON, for plaintiff in error.

ADAIR PLEASANTS, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error filed her bill of complaint in the circuit court of Henry county praying for an injunction to restrain the defendant in error from further trespasses upon a public highway the fee of which was in the complainant, and to compel it to remove its telephone poles and wires therefrom. The bill was answered, and, a replication having been filed, the issues were referred to the master in chancery to take the evidence and report the same, with his conclusions. After the bill was filed the defendant entered upon the highway and made substantial additions to its telephone line by putting up additional cross-arms, wires and insulators, which facts were set up by a supplemental bill. The master in chancery took and reported the evidence, with his conclu-

sions that complainant was the owner in fee of the lands described in the bill, upon which was a highway one and three-fourths miles in length, not within the corporate limits of any city, town or village; that the public had an easement over said lands for the purposes of said highway only; that in October, 1896, defendant entered upon the highway and erected thereon telephone poles, with cross-arms and insulators, upon which it strung wires, and has from time to time entered said highway for the purpose of adding wires and making repairs; that at the time of constructing the line the defendant, by its agents, offered complainant five dollars as compensation for trimming some trees that interfered with its wires; that complainant and her agent refused the offer and made a counter-offer, to which no answer was ever given; that defendant never had any title or easement in the premises, or any grant, license or permission from the complainant to use the highway for telephone purposes, and that complainant had knowledge of the fact that the telephone line was being erected and never made any demand upon the defendant for compensation. The master further reported that the parties had stipulated the following facts: That the telephone poles and wires form a part of a long distance telephone extending from Chicago to Rock Island; that the business of defendant averages two hundred messages per day between said points, and that if the poles and wires should be removed it would compel defendant to make a detour and subject it to considerable expense. The master recommended a decree dismissing the bill for want of equity. The cause was heard on exceptions of the complainant to the master's findings, and the court overruled the exceptions and dismissed the bill at complainant's cost.

A telephone line in a public highway is an additional burden upon the fee, for which the owner of the fee is entitled to compensation. (*Postal Telegraph Co. v. Eaton,* 170 Ill. 513.) The maintenance and user of the telephone line, and the addition of new cross-arms, wires and insu-

lators, constitute a continuing trespass, which equity has jurisdiction to prevent by injunction. (*Carpenter* v. *Capital Electric Co.* 178 Ill. 29; *Russell* v. *Chicago and Milwaukee Electric Railway Co.* 205 id. 155.) The jurisdiction of equity is not denied, and there is no pretense that the defendant had any right to appropriate the property of the complainant to its own use without compensation. The sole claim made in support of the decree is, that the complainant stood by and permitted defendant to construct the line and has not interfered with it since, and therefore she is not entitled to an injunction. The injunction was sought for the protection of a legal right, and in such a case delay alone will not defeat the remedy, unless it has been continued so long as to bar the right itself. There was nothing, in this case to defeat complainant but the mere lapse of time, unaccompanied by any equities on the part of the defendant. All that is insisted upon is, that an invasion of legal rights shall be permitted to continue because it has existed for a number of years. Defendant did not act in ignorance of the real title or enter upon the highway believing that it had any title whatever, and it knew just as much about the facts of the case as the complainant. True, it erected some poles and wires, but their removal does not require their destruction, as would be the case with some kinds of permanent structures. Defendant is in no different position from any person who enters upon the land of another knowing that he has no right and that nothing but the Statute of Limitations will prevent his being ejected therefrom. Defendant has not changed its position in any way in reliance upon any act of the complainant, and we discover nothing that ought to prevent the enforcement of complainant's rights.

The fact that a large number of long distance telephone messages are sent over this line daily, and therefore it would be convenient for the public to have the defendant occupy complainant's land, is of no importance whatever. If the land is needed for a public use the law provides a way for

acquiring it, and the constitution prohibits its appropriation for such a use without compensation. It was stipulated that if the defendant cannot go across this land it will have to go around it, and, of course, that would be so whether the parties stipulated the fact or not; but the defendant can procure the right to impose the additional burden on the fee by proper proceedings under the law of eminent domain. Defendant cannot be heard to say that the public want it to have the land without paying for it. The court should have decreed a mandatory injunction as prayed for in the bill, and such an injunction would not prevent defendant from obtaining a grant from the complainant of the right to maintain its line or acquiring such right under the Eminent Domain law. *Russell* v. *Chicago and Milwaukee Electric Railway Co. supra.*

The decree is reversed and the cause is remanded to the circuit court, with directions to enter a decree as prayed for in the bill.

*Reversed and remanded.*