ELEANOR G. HILDEBRAND v. SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY.

(Filed 16 April, 1941.)

**1. Highways § 6—**

A highway is a strip of land appropriated to use by the public at large for the purpose of travel or transportation, subject only to restrictions to secure the largest practical benefit in such use, and the right of public travel and the duty of public maintenance are its prime essentials and the amount of travel is immaterial.

**2. Highways § 10a—**

A highway right of way is not an easement for unlimited public use, but is limited to use by the public generally for the purpose of travel or transportation.

**3. Telegraph and Telephone Companies § 4—**

The right of way of a telephone company is not an easement for an unlimited public use, but is limited to *quasi*-public use for the purpose of facilitating the communication of intelligence and news.

**4. Highways § 10a: Telegraph and Telephone Companies § 4—**

A highway right of way and a right of way of a telephone company, although both are dedicated to public use, are distinct types of easements, and the right to use land for the erection and maintenance of telephone poles and wires is not contemplated when land is acquired for highway purposes and is not embraced in the easement acquired for this purpose, but constitutes an additional burden upon the land.

**5. Same—**

The erection and maintenance of telephone poles and wires along a highway is a use subordinate to the use of the land for the primary purpose of public travel.

**6. Highways § 10a: Easements § 5—**

The owner of land over which a highway is constructed has the exclusive right to the soil subject only to the right of travel in the public and the incidental right of keeping the highway in proper repair for public use.

**7. Constitutional Law § 15a: Eminent Domain § 2—Erection and maintenance of telephone poles and wires along highway constitutes additional burden on land.**

The erection and maintenance of telephone poles and wires along a highway constitutes an additional burden upon the land which amounts to a "taking" *pro tanto*, for which the owner of the fee is entitled to compensation regardless of the fact that the original easement for highway purposes is so extensive that the subservient estate amounts to little more than the right of reverter in the event the easement is abandoned, since any interference with the rights in property is a "taking" to the extent of such interference. The word "property" comprehends not only the thing possessed, but also the right of the owner to possess, use, enjoy, and dispose of the *res* and the corresponding right to exclude others from its use.

**8. Highways § 1c—Highway Commission has no authority to grant right of way to telephone company as against the owner of the fee.**

Sec. 10, ch. 2, Public Laws of 1921, as amended by sec. 1, ch. 160, Public Laws of 1923, confers on the Highway Commission authority to permit and regulate the erection and maintenance of telegraph and telephone poles and wires along the highway as against the public, but the statute confers no right in regard thereto as against the owner of the fee and does not declare that such additional burden is a legitimate purpose embraced within the easement acquired for highway purposes.

**9. Constitutional Law § 15a: Eminent Domain § 1—**

Since the erection and maintenance of telegraph and telephone poles and wires along a highway is outside the scope of the easement for highway purposes, the Legislature cannot subject land to such additional burden without the payment of compensation, either directly, or indirectly by granting such power to the Highway Commission, nor may the courts do so by judicial fiat.

**10. Highways § 10a: Eminent Domain §§ 8, 23—Instruction as to extent owner could use land taken for highway right of way held error.**

Since the Highway Commission has complete control over the surface of the land within a highway right of way, and any use by the owner of the fee, except for the purpose of ingress and egress, is by permission and not as a matter of right, in an action by the owner of the fee to recover damages for the imposition by defendant telephone company of an additional easement upon the land, an instruction that plaintiff owner had the right to use the land in the usual and customary way, plant crops, etc., so long as such use did not interfere with the use of the highway for travel by the public, is error.

**11. Eminent Domain § 23—**

In an action to recover damages against a telephone company for the imposition of an additional easement upon the land by the erection and maintenance of telephone poles and wires along a highway, an instruction that the amount of the award of damages would be such as the jury finds would accrue in the future is error.

**12. Eminent Domain § 22—**

In an action by the owner of the fee to recover damages against a telephone company for the imposition of an additional easement upon the

land by the erection and maintenance of telephone poles and wires along a highway, the judgment roll in the action by plaintiff against the Highway Commission to assess damages for the easement taken for highway purposes is competent for the purpose of showing the nature and extent of the easement taken in that action, plaintiff being a party thereto and bound thereby.

APPEAL by plaintiff and defendant from *Armstrong, J.*, at November Term, 1940, of BUNCOMBE.    Affirmed.

Civil action instituted in the General County Court of Buncombe County to restrain the defendant from trespassing upon lands of the plaintiff and to recover damages alleged to have been sustained by the wrongful construction by the defendant of a telephone line along and over plaintiff's land.

Plaintiff owns certain land in Buncombe County which is subject to the right of way easement of State Highway No. 70-74, commonly designated as a U. S. highway.    On or about 2 August, 1938, defendant began the construction of a telephone line along and upon the right of way of said highway.    In so doing it dug holes and erected poles and wires upon the land of plaintiff lying within the right of way.    Prior to beginning the construction of said line the defendant procured the consent of the State Highway Commission and of the Board of Commissioners of Buncombe County.    Plaintiff instituted this action to restrain the defendant and to recover damages for the trespass upon her land.

When the cause came on to be heard in the General County Court, issues were submitted to and answered by the jury in favor of the plaintiff, permanent compensatory damages being assessed.    From judgment on the verdict defendant, assigning error, appealed to the Superior Court.

Upon hearing the appeal in the court below numerous assignments of error were overruled and certain other assignments were sustained.    The court having found error in the trial in the General County Court, entered judgment remanding the cause for a new trial.    Both plaintiff and defendant excepted and appealed.

*Sanford W. Brown and J. W. Haynes for plaintiff.*
*J. G. Merrimon for defendant.*

BARNHILL, J.   Defendant's primary assignment of error is directed to the refusal of the court below to sustain its exception to the order of the General County Court denying its motion for judgment as of nonsuit. It stressfully contends that the State Highway Commission is vested with absolute control of all land within the right of way of a public highway of the State and that such right of way is acquired by the State not only for the ordinary mode of travel but for any and all other modes of com-

municating intelligence between points connected by the highways. It asserts, therefore, that when it obtained consent from the Board of Commissioners of Buncombe County and the written assent of the State Highway Commission it was authorized to construct its telephone line on and along the right of way and that in so doing it imposed no new or additional burden upon the land of the plaintiff.

Thus this exception presents this question: Is communication by telephone or telegraph "a mode of travel," so that the construction and maintenance of a telephone line along and upon the right of way of a public highway imposes no new or additional burden upon the fee—that is, does compensation for an easement for highway purposes include compensation for use of telephone and telegraph poles and lines in furtherance of the business of a public service corporation?

Whether a telegraph or telephone line can be erected and maintained upon a public street without compensation to the owner of a fee is a question upon which there is a direct conflict of authority. On the one side, it is said that a telegraph or telephone line is but an improved method of subjecting highways to an old use, and that the poles and wires are just as necessary adjuncts to this new method as are the poles and wires of a street railway or an electric light plant. Accordingly, many authorities are to the effect that the poles and wires of a telegraph or telephone line are not an additional servitude upon a public highway upon the theory that a message sent along the wires takes the place of a messenger and thus relieves the highway of much of the use to which it would otherwise be subjected. On the other hand, it is argued that the use of highways for the permanent maintenance of poles and wires occupying a portion of the highway easement is a use not contemplated in the laying out and construction of highways generally. In the jurisdictions thus holding it is the rule that a telegraph or telephone line is an additional servitude upon the highway. In some jurisdictions a distinction is made between the use of city streets and county roads for such lines. We are interested here only in the suburban highway.

"Highway" means a way open to all the people without distinction for passage and repassage at their pleasure, 29 C. J., 364; a public way or road; a public way open and free to anyone who has occasion to pass along it on foot or with any kind of vehicle; *Atlanta Etc. R. Co. v. Atlanta Etc. R. Co.,* 125 Ga., 529; a thoroughfare in which the public has a right of way for passage; *Parsons v. San Francisco,* 23 Cal., 462; a road maintained at public expense and kept open to the travel of the public. *S. v. Purify,* 86 N. C., 681; *Kennedy v. Williams,* 87 N. C., 6.

A highway is a way open to the public at large *for travel or transportation,* without distinction, discrimination or restriction except such as is incident to regulations calculated to secure to the general public the

largest practical benefit therefrom and enjoyment thereof. Its prime essentials are the right of common enjoyment on the one hand and the duty of public maintenance on the other. It is the right of travel by all the world and not the exercise of the right that constitutes a way a public highway, and the actual amount of travel upon it is not material. 25 Am. Jur., 339, sec. 2.

An easement acquired for use as a public highway is acquired for a public use but not for all public uses. The use is limited to the right of the public generally to pass and repass, to travel on foot or with any kind of vehicle. It is nothing more or less than a strip of land appropriated to a particular public use—the facilitation of travel.

A telephone company is a public service corporation. It has the right to condemn property in furtherance of the purposes for which it was organized. The use of such property is a *quasi*-public use. This public use is likewise limited. It is to facilitate the communication of intelligence and news. *Godwin v. Tel. Co.,* 136 N. C., 258; *Tel. Co. v. Teleg. Co.,* 66 Md., 399; 59 Am. Rep., 167.

There is a distinct difference between the two types of easements. The right of way for a highway is acquired and maintained by the governing authorities through the medium of taxation and it is dedicated to the use of all the public, while the right of way for a public service corporation is privately owned, is maintained for profit, and serves only those who are willing and able to pay the price.

Defendant contends, however, that communication by telephone is a modern method of travel constituting the use of the highway easement for a telephone line a legitimate use of the highway within "the public use" purposes for which the highway was established. We cannot so hold.

As highways are intended to facilitate travel, poles and wires of telegraph and telephone companies have no reference to this primary purpose of the highway. They are not contemplated in the original appropriation of land for highway purposes. They must be regarded, not as a legitimate highway use, but as a new use and as imposing an additional burden upon the highway. The use of such right of way by a telephone company to facilitate communication is subordinate to its use by the public for the primary purpose. *Ganz v. Ohio Postal Teleg. Co.,* 140 Fed., 692.

"The argument to support the proposition that the right to construct and maintain a telephone line for common public use is within this easement is that the structures required for exercise of the right are merely adaptations of the road to the passage of the electric current, which thus travels along the highway, but the resemblance between this use and that ordinarily enjoyed under the easement scarcely goes beneath the

words by which it may be described. In reality, the electric current does not use the highway for passage, it uses the wire and would be as well accommodated if the wire were placed in the fields or over the houses. The highway is used only as a standing place for the structures. Such a use seems to be so different from the primary right of passage as to be essentially distinct. . . . We, therefore, think that the right now under consideration is not within the public easement, and can be acquired against the consent of the private owner of the fee only by condemnation under the power of eminent domain." *Nicoll v. Tel. Co.,* 62 N. J. L., 733, 42 Atl., 583; *Hodges v. Tel. Co.,* 133 N. C., 225; *Eels v. A. T. & T. Co.,* 143 N. Y. Rep., 133 (citing numerous authorities); *Donovan v. Allert,* 11 N. D., 289, 58 L. R. A., 775; *Cosgriff v. Tri-State Tel. & Teleg. Co.,* 107 N. W., 525; *Dailey v. State of Ohio,* 51 Ohio, 348, 37 N. E., 710, 24 L. R. A., 724; *Western Union Tel. Co. v. Williams,* 86 Va., 696.

*Connor, J.,* speaking for this Court in *Brown v. Electric Co.,* 138 N. C., 533, 69 L. R. A., 635, quoting the Supreme Court of Maryland in *Tel. Co. v. MacKenzie,* 74 Md., 36, says: "And so the condemnation of private property for a highway subjects the land so taken merely to an easement in favor of the public, and does not divest the owner of the fee. Planting telephone or telegraph posts upon a public highway in the country is an appropriation of private property, and unlawful, unless the right to do so is acquired by condemnation." See also *Board of Trade Teleg. Co. v. Barnett,* 107 Ill., 507; *Carpenter v. Capital Elec. Co.,* 178 Ill., 29; *Teleg. Co. v. MacKenzie, supra; Willis v. Teleg. & Tel. Co.,* 37 Minn., 347; *Stowers v. Postal Cable Tel. Co.,* 68 Miss., 559; *Bronson v. Albion Tel. Co.,* 60 L. R. A., 426 (Neb.); *Nicoll v. Tel. Co., supra; Dailey v. State of Ohio, supra; R. R. Co. v. Williams,* 35 Ohio State, 168; *Eels v. Tel. Co., supra.*

"A telephone line in a public highway is an additional burden upon the fee, for which the owner of the fee is entitled to compensation. *Postal Teleg. Cable Co. v. Eaton,* 170 Ill., 513, 39 L. R. A., 722, 62 Am. State Rep., 390, 49 N. E., 365. . . . The fact that a large number of long distance telephone messages are sent over this line daily, and therefore it would be convenient for the public to have the defendant occupy complainant's land, is of no importance whatever. If the land is needed for a public use, the law provides a way for acquiring it, and the Constitution prohibits its appropriation for such a use without compensation." *Burrall v. Tel. & Tel. Co.,* 224 Ill., 266, 8 L. R. A. (N. S.), 1091; *DeKalb Tel. Co. v. Dutton* (Ill.), 10 L. R. A. (N. S.), 1057.

The owner of the land over which a public highway is laid out has the exclusive right to the soil, subject only to the right of travel in the public and the incidental right of keeping the highway in proper repair

for public use, and the construction of a telegraph line along such highway constitutes an additional burden upon the fee for which the owner of the fee is entitled to compensation. *Tel. Co. v. Eaton,* 170 Ill., 513; *Board of Trade v. Darst,* 192 Ill., 47.

When the new use is of a different character from that for which the land was taken, it is not an exercise of the existing easement, but amounts to the imposition of a new and additional easement or servitude upon the land. In such case, if the prior existing easement is abandoned or surrendered, the situation is the same as if a separate enclosure not subject to any public easement had been entered upon; and as an entry and occupation of private land without formal condemnation, it amounts to a "taking" in the constitutional sense without regard to the extent of the injury, and can be made only when the use is public and just compensation is awarded the owner. Thus, the question of additional servitude does not involve any controverted points in constitutional law but depends in each case upon a definition of the exact limits of the original public easement. 18 Am. Jur., 811; *Viliski v. Minneapolis,* 3 L. R. A., 831.

The word "property" extends to every aspect of right and interest capable of being enjoyed as such upon which it is practicable to place a money value. The term comprehends not only the thing possessed but also, in strict legal parlance, means the right of the owner to the land; the right to possess, use, enjoy and dispose of it, and the corresponding right to exclude others from its use. When, therefore, a physical interference with land subverts one of these essential rights, such interference "takes," *pro tanto,* the owner's property. Where one easement is superimposed upon another and the new use is not justified by the existing easement it constitutes an occupation of the private property of the owner of the fee, and is a "taking" regardless of the extent of the injury.

It may be conceded that the easement acquired by the State for a public highway is, under existing law, so extensive in nature and the control exercised by the Highway Commission is so exclusive in extent that the subservient estate in the land, from a practical standpoint, amounts to little more than the right of reverter in the event the easement is abandoned. Nevertheless, the subservient estate still exists and any encroachment thereon entitles the owner to nominal damages at least. The fact that the injury may be trivial, though material in determining the amount of the owner's damages, does not affect his constitutional rights or the principle of law involved. He is entitled to be protected as to that which is his without regard to its money value.

But the defendant insists that under the power conferred upon the State Highway Commission by sec. 10, ch. 2, Public Laws 1921, as amended by sec. 1, ch. 160, Public Laws 1923, the Commission is vested

with absolute control of a highway right of way and is authorized to grant the right to construct and maintain a telephone line thereon.

Whether the Legislature can grant valid authority to place poles and lines or wires on highways by telegraph and telephone companies without compensation to the owner of the subservient estate has been variously decided. Diametrically opposed views have been adopted on this subject in different jurisdictions. That such a use is a public use authorizing the exercise of the right of eminent domain is not questioned. The point of controversy is whether the legislative sanction constitutes such use a "highway use."

As we view it, the effect of this act (sec. 10, ch. 2, Public Laws 1921, as amended) is to give dominance to the easement acquired by the State. Under the terms thereof the Highway Commission has authority to control the uses to which the land embraced within the easement may be put. If it deems it wise or expedient so to do in the interest of the traveling public, it may altogether exclude the imposition of any additional easement or burden. It may not be held that the Legislature intended thereby to declare that the construction and maintenance of a telephone line is a legitimate highway purpose and embraced within the easement acquired for highway use. The Commission is merely authorized to do whatever is necessary to be done in order to make a safe, convenient, public way for travel, including the right, if necessary, to exclude the owner and others from using any part of the surface of the way for any permanent or private purpose. There is nothing in the statute to justify a contrary conclusion.

If, however, we interpret the act as contended by the defendant, it constitutes an attempt to appropriate private property without compensation. This the Legislature cannot do, either directly or by granting the power to the Highway Commission. We cannot assume it was so intended. Such intent is not to be gathered from the statute. *Brown v. Electric Co., supra; White v. R. R.,* 113 N. C., 611; *Story v. R. R.,* 90 N. Y., 122; *Tel. Co. v. MacKenzie, supra;* see also Anno. 8 A. L. R., 1296.

Whatever grant of rights in the highway is given telephone companies as against the public, no right is attempted to be given them as against the individual. *Dailey v. State of Ohio, supra; R. R. Co. v. Williams, supra; Postal Teleg. Co. v. Eaton, supra.*

The State can neither itself appropriate to its own special continuous and exclusive use, nor can it authorize a corporation to so appropriate, any portion of a rural public highway, by setting up poles therein for the purpose of supporting telegraph or telephone wires. Such use of a highway by a telegraph or telephone company is outside the scope of the public easement and compensation must be made therefor. *Eels v.*

*A. T. & T. Co., supra; Tel. Co. v. MacKenzie, supra,* 28 Am. St. Rep., 218 Anno., 8 A. L. R., 1296.

The written consent of the State Highway Commission conferred no power on the defendant to use the land of the plaintiff within the easement without compensation. This Court may not do so by judicial fiat.

The opinion in *Hildebrand v. Telegraph Co.,* 216 N. C., 235, 4 S. E., 439, a former appeal herein, is not in conflict with what is here said. The Court there expressly refrained from expressing any opinion upon the sufficiency of the defense relied upon by the defendant. It merely permitted the allegations to remain in the answer to the end that the defendant might present the legal question involved. There was no error in the order overruling the judgment as of nonsuit.

PLAINTIFF'S APPEAL.

The judge of the General County Court instructed the jury that:

(1) Subject to the right of the Highway Commission to use the easement for highway purposes "the plaintiff has a right to cultivate the land; to build on it, use it in the usual and customary way so long as its use did not interfere with the operation of the public highway or travel of the public on it or obstruct the view of the public in using the highway from the ordinary and customary usual course and operation of a public highway"; and (2) "If you award any damages whatever, find plaintiff is entitled to recover anything, the amount of that award should be such as you find will accrue in the future, if you find this is a permanent injury."

The defendant duly excepted to these excerpts from the charge and assigned same as error on its appeal to the Superior Court. The judge of the Superior Court sustained each exception and the plaintiff excepted and assigned the same as error on her appeal to this Court.

1. Sec. 10, ch. 2, Public Laws 1921, as amended, vests in the Highway Commission control of the surface of the land within the easement. Except for the purpose of ingress and egress the plaintiff uses the same, whether for building or cultivation, by permission and not as a matter of right.

2. The charge on the issue of damages is an erroneous statement of the measure of damages in cases of this type. It is not in accord with the decisions of this Court, *Teeter v. Telegraph Co.,* 172 N. C., 783, 90 S. E., 412, and cases cited; *Power Co. v. Power Co.,* 186 N. C., 179, 119 S. E., 213; *Rouse v. Kinston,* 188 N. C., 1, 123 S. E., 482.

In the General County Court defendant offered in evidence judgment roll in the case of *Hildebrand v. State Highway & Public Works Com.* On objection of plaintiff same was excluded. On appeal to the Superior Court defendant's exception thereto was sustained and plaintiff excepted.

This was an action instituted by the plaintiff herein for the assessment of damages for the easement taken by the Highway Commission on and across her land, upon which defendant's telephone line is erected. The judgment roll was competent for the purpose of showing the nature and extent of the easement taken. The plaintiff being a party thereto was bound thereby. Defendant's exception was properly sustained.

The indicated errors in the charge of the judge of the General County Court and the error in excluding the judgment roll in *Hildebrand v. Highway Com.* are such as to support the judgment of the court below directing a new trial.

As the questions presented by other exceptive assignments of error may not again arise, we refrain from a discussion thereof.

On both appeals the judgment below is

Affirmed.