(No. 26041.—

Anna Noe (Hunt,) Appellee, *vs.* Myrtle Moseley *et al.* Appellants.

*Opinion filed June 13, 1941—Rehearing denied September 10, 1941.*

Smith, J., took no part.

A. J. McMahan, for appellants.

Clyde L. Todd, (N. M. Tohill, of counsel,) for appellee.

Mr. Justice Farthing delivered the opinion of the court:

Anna Noe (now Hunt) filed a complaint in the circuit court of Richland county. It is entitled a bill to construe a deed to certain real estate but it is in reality a bill to quiet title. The deed involved was from M. J. Noe and Henrietta Noe, his wife, and recited that they "convey and warrant to Charles Noe" certain described real estate. Immediately after the description was the following: "This conveyance is made on express condition that grantee his heirs and assigns shall not sell or convey or in anywise

encumber the above described lands without the written consent of the grantors; Further in the event Grantee shall die without any legal heirs child or children, then upon the death of the widow of said Grantee, then said above lands shall descend to the heirs of the grantors." Appellee is the widow of the grantee, Charles Noe, whose heirs, besides her, were his mother and three half-brothers, and she has acquired all the interests of these other heirs. Charles Noe died childless. Appellants are the heirs of the grantors. Grantee Charles Noe was a foster child of the grantors. He had lived with them since he was a small child and had assumed the name of Noe, but he was never legally adopted. The grantors had three children, to each of whom they conveyed real estate but those deeds contained no provision with reference to dying without "legal heirs child or children." Evidence as to statements alleged to have been made by appellee after the conveyance tending to show she thought the property was to revert to the heirs of the grantor unless she and her husband adopted a child, which statements were denied by her, was admitted subject to objection. This evidence was not material and will not be considered. The circuit court decreed that the deed vested a fee simple title in the grantee, Charles Noe, and that plaintiff Anna Noe had acquired all the interest of his heirs and was now the owner of the land in fee simple, subject to a certain highway deed and oil and gas lease not material here. Since a freehold is involved, the appeal has been perfected directly to this court.

Appellee has pointed out certain alleged insufficiencies in the abstract, and claims that for these insufficiencies the decree should be affirmed *pro forma*. It will be unnecessary to set forth these alleged omissions. The abstract is sufficient to present fully every error relied upon, and it will be taken to be accurate and sufficient for a full understanding of the questions presented for decision, unless the opposite party files a further abstract, making necessary corrections or additions. (Supreme Court Rule

No. 38, 370 Ill. 43.) No additional abstract has been filed, and in such circumstances an appeal will not be dismissed or a decree affirmed *pro forma* except for a flagrant disregard of the rule, and there is no such flagrant violation here. *People* v. *Grabs,* 373 Ill. 423.

The question presented is as to the meaning and legal effect of that provision of the deed which recites that "Further in the event Grantee shall die without any legal heirs child or children, then upon the death of the widow of said Grantee, then said above lands shall descend to the heirs of the grantors." Appellee's argument that this provision is void for the reason it is repugnant to the granting clause is not in point. No words of inheritance are found in the granting clause, and the words employed, standing alone, would convey a fee only by virtue of sections 9 and 13 of the Conveyances act. (Ill. Rev. Stat. 1939, chap. 30, pars. 8, 12.) Section 13 provides that "every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." In such cases, where words of inheritance are not used, the rule is that every word used in the conveyance, no matter in what part found, shall be given weight in construing the instrument and the doctrine of repugnancy—that subsequent words in a grant which apparently reduce the estate conveyed by the words of the grant should be disregarded as repugnant to the grant—has no application when the words of grant are not such as would at common law convey an estate of inheritance. *Buck* v. *Garber,* 261 Ill. 378; *Bauman* v. *Stoller,* 235 id. 480; *Magnolia Petroleum Co.* v. *West,* 374 id. 516.

The decisive issue is: What was meant by the expression die without "legal heirs child or children?" It will be noted that the grantee died without children, so that

if the quoted expression be construed to mean children, the condition on which the land was to go to the grantors' heirs occurred. On the other hand, the grantee died with heirs, so that if the expression be construed to mean heirs generally, or all the heirs except his widow, the condition on which the gift over was to take place did not occur. There is a strong presumption that the word "heirs," used in a deed or will, shall receive its technical meaning, to include all who would take the intestate estate. (*Hartwick* v. *Heberling,* 364 Ill. 523; *Carpenter* v. *Hubbard,* 263 id. 571.) Nevertheless, if it appears from the language of the instrument that the term was used in a different sense, it will be given a more restricted meaning. (*Seymour* v. *Bowles,* 172 Ill. 521; *McGinnis* v. *Campbell,* 274 id. 82; *Black* v. *Jones,* 264 id. 548; *Smith* v. *Winsor,* 239 id. 567.) In the construction of a will greater latitude is allowed than in the construction of a deed. (*Webbe* v. *Webbe,* 234 Ill. 442; *Duffield* v. *Duffield,* 268 id. 29.) It will be observed the word "heirs" appears three times in this same paragraph of the deed. In the first sentence the grantee "his heirs and assigns" are prohibited from alienating the property without the written consent of the grantors. It is unnecessary for us to pass on the validity of this provision. It is sufficient to note there is nothing to indicate the word "heirs" was there used in other than its strict technical meaning. In case the grantee dies without "legal heirs child or children" then on the death of his widow, the property was to go to the "heirs" of the grantors. By this language, the grantors, in referring to their own heirs, meant heirs generally. Then what reason is there for holding that the word heirs appearing in "legal heirs child or children" means merely children? "Heirs" include children, and to hold heirs was used to mean only children would be to render the word "heirs" mere surplusage. (*Hartwick* v. *Heberling, supra.*) As above stated, the grantee was not related to the grantors. His heirs were not also heirs of the grantors, as was true in several of the

cases cited which held heirs to mean children. (*Lee* v. *Roberson,* 297 Ill. 321; *Bradsby* v. *Wallace,* 202 id. 239; *Pitzer* v. *Morrison,* 272 id. 291.) In our opinion we are not justified in holding the grantors by the term "legal heirs child or children" meant children. There is nothing to indicate such a restricted meaning should be given the term "legal heirs." On the other hand, we do not believe they intended to mean heirs generally. According to the wording of the deed the gift over, to the heirs of the grantors, was to take effect not on the death of Charles Noe but on the death of his widow. Analogous situations were presented in *McGinnis* v. *Campbell, supra, Black* v. *Jones, supra,* and *Smith* v. *Winsor, supra.* In those cases the testator devised property to his wife for life, with remainder to his heirs. It was held "heirs" as there used meant not heirs generally, but heirs of the blood. It was stated that while it was not contrary to law to give an estate to one for life, and also to include him in the class taking the remainder, such was not the intention of the testator, but that he used heirs in its popular or colloquial sense as meaning heirs of the blood and not to include his widow. It was pointed out in *Black* v. *Jones, supra,* that at common law "heirs-at-law" were the next of kin by blood. Since the gift over was not to occur until the widow's death, the grantors did not intend to include her in the term "legal heirs child or children." However, the condition on which the grantee was to be divested of his defeasible fee estate failed when he died leaving heirs other than his widow, and the fee thereupon became absolute. Since the widow has acquired the interests of all the heirs of Charles Noe, the circuit court correctly held she has a fee simple title to the premises, subject to the conveyance and lease above mentioned.

The decree is affirmed.

*Decree affirmed.*

Mr. Justice Smith took no part in this decision.