CHARLES ANDREW JUDEN, SALLY JUDEN REED, ALEXANDER G. JUDEN, and CHARLES ANDREW JUDEN, JR., EMILIE J. JUDEN, JULIA JUDEN, ALEXANDER G. JUDEN, JR., MICHAEL JUDEN, SALLY JUDEN, RONALD S. REED, JR., and LOUIS JUDEN REED, Minors, by CHARLES ANDREW JUDEN, Their Next Friend, Plaintiffs-Appellants, v. SOUTHEAST MISSOURI TELEPHONE COMPANY, a Corporation, Defendant-Respondent, No. 41669—235 S. W. (2d) 360.

Division One, December 11, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, January 8, 1951.

*Robert G. Brady* and *Jack O. Knehans* for appellants.

*Oliver & Oliver* for respondent.

516

518

[362] LOZIER, C.—Appellants (herein called plaintiffs) appeal from a dismissal of their petition upon these grounds: failure to state a claim upon which legal or equitable relief may be founded; failure to show any interest of plaintiffs or any of them in the subject matter; and that the alleged cause of action was barred by limitations. The primary issue is construction of a deed.

Respondent telephone company (herein called defendant) is a Missouri corporation and plaintiffs are the heirs of Mary H. Giboney Houck who died in 1944. The petition alleged that on or about February 1, 1927, Mrs. Houck delivered to the Cape Girardeau Bridge Company, a Missouri corporation (herein called the bridge company) her warranty deed to certain lands in Alexander County, Illinois; that the lands consisted of a 100 foot strip east of the center of a levee along the Mississippi River and a 200 foot strip between the center of the levee and the center of the river and the western boundary line of the State of Illinois; that the consideration was $15,000. (This deed is herein called the bridge deed.)

The petition further alleged that the deed contained a provision that the conveyance and warranty were "subject to all rights-of-way for levees and public roads now existing on" such lands and "subject to all rights, if any exist, of the United States, the State of Illinois, or the public between the bank of the river and center of stream." (This provision is herein called the "subject to" clause.)

The petition further alleged that the bridge deed contained this provision: "This conveyance is made, however, upon the following terms, conditions and restrictions, to wit: that said Cape Girardeau Bridge Company shall use said real estate for the sole and only purpose of erecting, maintaining and operating thereon a bridge across the said river with approaches thereto and with the privilege of constructing a tollgate and caretaker's house on said real estate, or other houses or buildings not of a commercial character but necessary for the construction, operation and maintenance of said bridge, it being understood that no structure of any kind, other than such bridge and approaches and tollgate and caretaker's house, building or buildings as above described, shall ever be constructed [363] or used on said real estate, nor shall any business other than that of erecting, maintaining and operating said bridge ever be conducted on said real estate, these terms, conditions and restrictions being made for the benefit of grantor's land on both sides of the said real estate and the grantor reserves for herself, her heirs and assigns, for the purpose of enabling her or them or any of them to enforce the said terms, conditions and restrictions, the right to proceed by suit in ejectment, or for trespass, or for damages or for injunction, or by any other appropriate proceedings in law or equity against any person or corporation that may ever occupy or use the real estate herein conveyed or any part thereof for any purpose or in any manner other than as

above restricted and provided.'' (This provision is herein called the restrictive clause.)

The petition further alleged that, on October 5, 1928, Mrs. Houck, by dedication deed for state highway purposes, conveyed to the State of Illinois an 80 foot strip for State Highway No. 146, described as beginning at the east end of the 100 foot strip conveyed in the bridge deed and running eastwardly to the east boundary line of Mrs. Houck's land (this deed is herein called the highway deed); and that this highway begins at the east end of the bridge deed strip.

The petition further alleged that by written contract dated March 28, 1929, Mrs. Houck granted to the Cape Girardeau Bell Telephone Company, defendant's predecessor, the right to install, maintain and operate telephone facilities on the highway deed strip but not upon the bridge deed strip (this contract is herein called the telephone company easement); and that Mrs. Houck had devised to plaintiffs the land described in the bridge deed and the lands adjoining and abutting same on both sides.

The petition then alleged that defendant had unlawfully and maliciously erected, and was then maintaining and operating, telephone facilities on the bridge and its eastern approach and on the lands described in the bridge deed in violation of the provisions of the deed; that defendant had received a vast income and profit; and that plaintiffs had sustained damages.

In one count, plaintiffs demanded $50,000 actual and $50,000 punitive damages or, in the alternate, that defendant be required to account and that plaintiffs have judgment for all income and profit realized by the defendant by virtue of the alleged trespass. In another count, plaintiffs prayed an injunction against further maintenance and operation of the telephone facilities and for their removal from the bridge and from the lands described in the bridge deed.

We construe the bridge deed in accordance with Illinois law. Restatement, Conflict of Laws, Sec. 214; and see DeLashmutt v. Teetor, 261 Mo. 412, 169 SW 34. We seek to ascertain the intent of the parties. Smith v. Grubb, 402 Ill. 451, 84 NE 2d 421. We ''look to the circumstances attending the transaction, the situation of the parties, the state of the thing granted and the object to be attained.'' Midwest-Radiant Corp. v. Hentze, (CCA 7th) 171 F. 2d 635, and Illinois cases cited therein.

The bridge deed recited that the grantor ''conveys and warrants'' the lands. It is defendant's position that the deed conveyed an unqualified fee simple, citing Secs. 8 and 12, Chap. 30, Smith-Hurd Ill. Ann. Stat. Sec. 8 sets out a permissive form wherein the grantor ''conveys and warrants,'' and provides that '' every deed *in substance*'' in such form shall be deemed a conveyance in fee simple with covenants of seisin, against encumbrances and of warranty. (Italics ours.) Sec. 12 provides that where words of inheritance are not

used the conveyance "shall be deemed a fee simple estate of inheritance, *if a less estate be not limited by express words, or do not appear to have been granted, conveyed* or devised by construction or operation of law." (Italics ours.)

Secs. 8 and 12 must be read together. Tallman v. Eastern Ill. & Peoria R. Co., 379 Ill. 441, 41 NE 2d 537. Their purpose is the elimination of the necessity of the use of words of inheritance for conveying a fee simple. Absent words of inheritance [364] and *absent other provisions,* "conveys and warrants" conveys a fee simple with covenants. Noe v. Moseley, 377 Ill. 152, 36 NE 2d 240; and Tallman v. Eastern Ill. & Peoria R. Co., supra. But these sections do not support defendant's contention that the bridge deed conveyed an *unqualified* fee simple and is to be construed as if the restrictive clause were not written therein. While the grantor "conveys and warrants," no words of inheritance are used, and the deed contains "express words" and language "appearing" to limit the estate conveyed.

"In construing deeds in statutory form, this court has said that the cardinal and all-important rule is to ascertain the intention of the parties and the deed should be so construed as to carry out the intention gathered from the entire instrument, and its purpose, if legal, should be carried into effect so as not to defeat the manifest intention, and every word within the instrument should be considered, and if possible, given effect." Keen v. Cleveland, C., C. & St. L. Ry. Co., 392 Ill. 362, 64 NE 2d 499. See also Magnolia Petroleum Co. v. West, 374 Ill. 516, 30 NE 2d 24; Smith v. Grubb, Tallman v. Eastern Ill. & Peoria R. Co., supra; and Illinois cases cited in Midwest-Radiant Corp. v. Hentze, supra. Both the "subject to" and the restrictive clauses in the bridge deed must be considered.

The bridge company obviously acquired a fee simple title, with the right to use, or license the use of, the bridge and its approaches for all lawful purposes unless limited by other provisions of the bridge deed. In the restrictive clause, Mrs. Houck recognized that her grantee was acquiring the lands for use in the construction, maintenance and operation of a bridge over the Mississippi River, a navigable stream at Cape Girardeau. So, in ascertaining the intention of the parties, we must consider two acts of Congress.

By an act approved May 3, 1926 (44 Stat. 390), the bridge company's predecessor was authorized to construct, maintain and operate a toll bridge in accordance with the provisions of a 1906 act relating generally to bridges over navigable streams (34 Stat. 84, 33 USCA, Chap. 11). The 1906 Act reserved to the government the right to construct, maintain and repair, without charge therefor, telephone and telegraph lines on the bridge and its approaches, and further provided that "equal privileges in the use of said bridge

and its approaches shall be granted to all telephone and telegraph companies.''

The Cape Girardeau bridge was an instrument of interstate commerce. Gouax v. Bovay, (CCA 5th) 105 F. 2d 256; Burkburnett Bridge Co. v. Cobb, 108 Okla. 21, 233 P. 463; and People v. Hudson River Connecting R. Corp., 228 N. Y. 203, 126 NE 801. So also is an interstate telephone company. Sunset Tel. & Tel. Co. v. City of Pomona, (CCA 9th) 172 F. 829; Muskogee Nat. Tel. Co. v. Hall, (CCA 8th) 118 F. 382; and Southern Bell Tel. & Tel. Co. v. City of Richmond, (CCA 4th) 78 F. 858. The provisions of the 1906 Act were clearly not only a reservation by the government of its own right to install and operate, free of charge, telephone and telegraph facilities on interstate bridges, but also were directed against discrimination, by privately owned bridge companies, between telephone or telegraph companies in interstate commerce. See State ex rel. Bremerton Bridge Co. v. Superior Court for Kitsap County, 194 Wash. 7, 76 P. 2d 990. The 1906 Act is conclusive that Congress regarded the installation and operation of such facilities upon toll bridges over navigable streams and their approaches as one of the incidents to, and one of the purposes of, the construction, maintenance and operation of such bridges. (Even if the terms of the Act be deemed ambiguous, interpretation must be in favor of the government. See U. S. v. Columbia River-Longview Bridge Co., (CCA 9th) 99 .F. 2d 287.) The 1926 Act, by reference to the 1906 Act, made the installation and operation of such facilities upon the Cape Girardeau bridge and its approaches an incident to, and one of the purposes of, the construction, maintenance and operation of this particular bridge. Indeed, the bridge company could not operate the bridge in compliance with the 1926 Act authorizing this bridge unless the privilege of using the [365] bridge and its approaches was available to interstate telegraph and telephone companies desiring to utilize this other instrument of interstate commerce.

Presumably, Mrs. Houck was familiar with these Congressional Acts. She conveyed the fee for interstate bridge purposes. The grantee was expressly authorized to construct a caretaker's house and other houses and buildings necessary for such purposes but ''not of a commercial character.'' The prohibited uses were the construction or use of structures or buildings other than those necessary for such purposes, and the conducting of any business other than that of erecting, maintaining and operating the bridge. ''Structure'' and ''building'' must be construed in the light of these other provisions. See Stewart v. Welsh, 142 Tex. 314, 178 SW 2d 506. Read as a whole, the restrictive clause appears to have been directed against structures and buildings, the erection and use of which for commercial or business purposes might interfere with the sale or use of Mrs. Houck's abutting lands for similar purposes.

But even if this is not so, we note the significant absence of an express restriction against the use of the lands for telegraph and telephone facilities. Restrictions and limitations upon the use of property are not favored in law and in construing a deed all doubts are resolved against them. Berry, Restrictions on Use of Real Property, Sec. 35; 26 CJS, Deeds, Sec. 162, p. 508; Loomis v. Collins, 272 Ill. 221, 111 NE 999; Gerling v. Lain, 269 Ill. 337, 109 NE 972; and Boylston v. Holmes, 276 Ill. 279, 114 NE 522. We hold that here the installation and operation of telephone facilities upon the lands was contemplated by the parties. Compare Walker v. Ill. Cen. R. Co., 215 Ill. 610, 74 NE 812. It follows that the defendant's use of the bridge and its approaches was not violative of the "terms, conditions and restrictions" of the bridge deed.

Such construction of the restrictive clause renders it unnecessary to determine whether the fee conveyed by Mrs. Houck was subject to a special limitation, a condition subsequent or a covenant. See Restatement, Property, Secs. 44 and 45; Tiffany, Real Property, 3rd Ed., Vol. 1, Chap. 6; and Thompson, Real Property, Perm. Ed., Vol. 4, Secs. 2030, 2031 and 2156. Nor need we rule either the validity of the clause itself or the effect of Mrs. Houck's devise to plaintiffs.

Plaintiffs suggest that Mrs. Houck was not compensated for such use of the lands by defendant. The 1926 Act authorized acquisition of lands for the bridge and its approaches upon payment of compensation. (See Pike Rapids Power Co. v. Minneapolis, St. P. & S. St. M. R. Co., (CCA 8th) 99 F. 2d 902, for an excellent summarization of the relative rights and duties of the government, its bridge licensees, the public and riparian landowners in navigable streams.) Under Illinois law, the installation of telephone or telegraph facilities upon a public highway or across Illinois waters is an additional burden for which the owner of the abutting land is entitled to compensation. See Smith-Hurd Ill. Stat. Ann., Chap. 134, Secs. 2 and 3; Burrall v. Am. Tel. & Tel. Co., 224 Ill. 266, 79 NE 705, 8 LRA(NS) 1091; Postal Tel.-Cable Co. v. Eaton, 170 Ill. 513, 49 NE 365, 39 LRA 722, 62 Am. St. Rep. 390; and other Illinois cases cited in Anno. 8 ALR 1293.

There is no merit in the suggestion that Mrs. Houck reserved the right to claim additional compensation for the installation and operation of telephone facilities upon an existing public road across lands described in the bridge deed. (Although the petition does not so state, we will assume that defendant's telephone facilities were placed on such road.) The $15,000 paid to Mrs. Houck for approximately 3½ acres of land, much of it under water, included compensation for such use. Assuming that, prior to the execution of the bridge deed, she had the right to claim such additional compensation, she

did not reserve that right, either expressly or by the "subject to" clause. The intent of that clause was to make the fee .subject to the "right-of-way" for the road, to reserve the rights of the public agency having jurisdiction [366] over the road and to protect the grantor against any claims that might thereafter be made on account of the road. Mrs. Houck conveyed the fee to a private corporation for use for toll bridge purposes, not to a public agency for road purposes. The bridge company, as owner in fee of the abutting lands, might be entitled to assert such a claim. But neither Mrs. Houck nor plaintiffs could.

The trial court properly dismissed plaintiffs' petition for the reason that it failed to state a claim upon which legal or equitable relief may be founded. It is therefore unnecessary to determine the propriety of the other grounds of dismissal.

The judgment is affirmed. *Van Osdol* and *Aschemeyer, CC.,* concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.