DILLON, Judge.
 

 *46
 
 Plaintiff Everett's Lake Corporation owns Everett's Lake (the "Lake"), a non-navigable lake in Richmond County. Defendant Lewis Edward Dye, Jr., owns a small tract of land, comprising approximately two-tenths of an acre, which abuts the Lake. This dispute concerns whether Defendant, through his chain of title in his small tract, also owns the right to access the Lake.
 

 I. Background
 

 As of 1948, the Lake and the land around the Lake were all owned by the Lamb family.
 

 Defendant's Chain of Title
 

 In 1948, the Lambs conveyed a thirty-acre tract which abutted the Lake to the Entwistles. In the Lamb's 1948 deed to the Entwistles (the "1948 Deed"), the Lambs not only conveyed the tract of land, but also conveyed certain rights to use the adjacent Lake for non-commercial purposes. Specifically, the 1948 Deed stated as follows:
 

 *47
 
 The parties of the first part hereby convey unto the parties of the second part riparian water rights in Everett's Lake on that portion of the above described property bounded by the said Everett's Lake. (This deed is made subject to this restriction. The parties of the second part shall not use the said Everett's Lake for any commercial purpose.) It is further understood and agreed that the parties of the first part are hereby conveying riparian rights in Everett's Lake in connection with a tract of Land owned by the parties of the second part consisting of about 30 acres and located on the South side of the said Everett's Lake.
 

 [ ... ]
 

 TO HAVE AND TO HOLD the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said parties of the second part, their heirs and assigns, to their only use and behoof forever.
 

 This deed was duly recorded in 1948.
 

 In 1988, the Entwistles conveyed a 3.55-acre portion of their property abutting the Lake to the Bakers. In 1989, the Bakers conveyed two-tenths of an acre abutting the Lake from their 3.55-acre tract to the Threadgills. And in 2015, the Threadgills conveyed this two-tenths of an acre tract, abutting the Lake, to Defendant and his wife. In each of the above-described conveyances, the grantor conveyed not only a tract of land, but also riparian rights, as described in the 1948 Deed.
 

 Plaintiff's Chain of Title in the Lake
 

 In 1958, ten years after the Lambs conveyed the thirty-acre tract to the Entwistles, the Lambs conveyed the Lake itself to Plaintiffs by warranty deed. This deed contained the following exceptions:
 

 [E]xcept as to such riparian and other rights which any firm or corporation or any person or persons may have in and to Everett's Lake and use thereof, irrespective of the method by which such rights may have been acquired.
 

 The Dispute
 

 At some point, Plaintiff formed a fishing club (the "Club"), charging members for the right to fish the Lake. In 2007, Plaintiff performed extensive work on the Lake. Plaintiff had an expectation that adjacent landowners would join the Club and pay annual dues of $500.00 if they desired to fish on the Lake. Upon the purchase of his lot in
 
 *639
 
 2015, Defendant began to fish the Lake without joining the Club. As a result,
 
 *48
 
 Plaintiff brought a suit for civil trespass against Defendant. Defendant answered and counterclaimed, seeking a declaration that he had the right to use the Lake.
 

 A bench trial was held in Richmond County Superior Court. The trial court declared that Defendant did have valid riparian water rights "for the reasonable use and enjoyment of Everett's Lake body of water by virtue of such rights acquired from [D]efendant's predecessors entitled to his real property." Plaintiff timely appealed.
 

 II. Standard of Review
 

 We review the Amended Order and its findings of fact for competent, supporting evidence. The trial court's conclusions of law are reviewed
 
 de novo
 
 .
 
 Weaverville Partners v. Town of Weaverville Bd. of Adj.
 
 ,
 
 188 N.C. App. 55
 
 , 57,
 
 654 S.E.2d 784
 
 , 787 (2008).
 

 III. Analysis
 

 The central issue in this matter is whether the trial court correctly determined that Defendant, as the owner of his small tract, has "riparian rights" in the Lake, which include the right to make personal use of the Lake. For the following reasons, we affirm.
 

 The trial court agreed with Defendant that Defendant has the right to fish the Lake based on the "riparian right" originally granted to his predecessor in title in the 1948 Deed. Based on the language in the 1948 Deed, we also agree. We conclude that "riparian rights" in the Lake were part of the "bundle of sticks" that the Lambs conveyed to Defendant's predecessor in title.
 
 [1]
 
 As the owners of the Lake itself, the Lambs had the right to exclude others from the Lake.
 
 See
 

 Hildebrand v. S. Bell Tel.
 
 ,
 
 219 N.C. 402
 
 , 408,
 
 14 S.E.2d 252
 
 , 256 (1941) (recognizing that the right to own property includes "the right to exclude others from its use"). When the Lambs executed the 1948 Deed to Defendant's predecessor in title, the Lambs conveyed "sticks" representing fee simple absolute ownership in the thirty acres adjacent to the Lake. The Lambs also essentially gave up a "stick," namely their right to exclude Defendant's
 
 *49
 
 predecessor in title from using the Lake as a "riparian right" owner, so long as these rights were used for non-commercial purposes. Therefore, when the Lambs conveyed their fee simple interest in the Lake itself to the Plaintiff in 1958, the Lambs could only convey the sticks they still owned in the Lake, which did not include the "riparian rights" nor the "right to exclude" sticks already conveyed to Defendant's predecessor in title. In fact, the 1958 deed to the Plaintiff recognizes that the fee simple interest in the Lake being conveyed by the Lambs was subject to the riparian rights in the Lake already owned by others.
 

 Plaintiff argues that the Lambs' conveyance in the 1948 Deed of "riparian water rights ... on that portion of the [thirty-acre tract] bounded by [the Lake]" was ambiguous and, therefore, did not convey any rights to use the Lake. We disagree. Indeed, our Supreme Court has held as follows with regard to interpreting language in a deed:
 

 It is ... a general rule that the deed must be upheld, if possible, and the terms and phraseology of description will be interpreted with that view and to that end, if this can reasonably be done. The Court will effectuate the lawful purposes of deeds and other instruments if this can be done consistently with the principles of rules of law applicable.
 

 N.C. Self Help v. Brinkley
 
 ,
 
 215 N.C. 615
 
 , 619,
 
 2 S.E.2d 889
 
 , 892 (1939). We conclude that the phraseology and terms used in the 1948 Deed clearly evince an intent to convey the right to enjoy the Lake for non-commercial purposes: "[The Lambs] are hereby conveying riparian rights in Everett's Lake" and
 
 *640
 
 "[Defendant's predecessor in title] shall not use the said Everett's Lake for any commercial purpose." Our Supreme Court has held that "riparian rights" include the right of a landowner "to make reasonable use of the waters" adjacent to his land.
 
 Dunlap v. Carolina Power & Light
 
 ,
 
 212 N.C. 814
 
 , 818,
 
 195 S.E. 43
 
 , 46 (1938). This right includes the right to fish.
 
 See, e.g.,
 

 Hampton v. N.C. Pulp
 
 ,
 
 223 N.C. 535
 
 , 548,
 
 27 S.E.2d 538
 
 , 546-47 (1943) (recognizing the right to fish is a riparian right).
 

 Plaintiff further argues that the 1948 Deed from the Lambs to the Entwistles only created an "easement in gross." That is, Plaintiff argues, the 1948 Deed only conveyed a
 
 personal
 
 right to the Entwistles to use the Lake which was not transferable to successors in title. We disagree. We conclude, rather, that the language of the 1948 Deed did not convey an easement in gross, but rather a right which ran with the portion of the thirty-acre tract which abutted the Lake.
 

 *50
 
 The 1948 Deed grants riparian rights "on that portion of the above described property bounded by the said Everett's Lake." The 1948 Deed states that the rights were being conveyed "in connection with a tract of land owned by the parties of the second part consisting of about 30 acres and located on the South side of the said Everett's Lake." Finally, the 1948 Deed states that the grant was to Defendant's predecessor, "their heirs and assigns to their only use and behoof forever." The language in the 1948 Deed indicates an intention on behalf of the Lambs for the riparian rights to run with the land, at least that portion of the thirty-acre tract which directly abutted the Lake. Therefore, we affirm that Defendant does have valid riparian rights in the Lake, including the right to fish.
 

 We note that the trial court did
 
 not
 
 base its ruling on the "public trust doctrine." Indeed, Defendant made no argument that his right to fish the Lake stems from the application of the public trust doctrine. The public trust doctrine applies only to those bodies of water which are determined to be navigable.
 
 See, e.g,
 

 State ex rel. Rohrer v. Credle
 
 ,
 
 322 N.C. 522
 
 , 526,
 
 369 S.E.2d 825
 
 , 827-28 (1988). And the trial court concluded that the Lake is not a "navigable" lake but rather a lake that is privately owned by Plaintiff. This determination is not in dispute on appeal.
 

 Further, though not argued by either party, we recognize that the trial court's holding is
 
 not
 
 based on a theory that Defendant's riparian rights arise from the common law. Our Supreme Court has held that where the boundary of a tract of land is the edge of a non-navigable swamp, there is no "common law" right of that landowner to use the swamp.
 
 See
 

 Kelly v. King
 
 ,
 
 225 N.C. 709
 
 , 714,
 
 36 S.E.2d 220
 
 , 223 (1945). And, here, Defendant's deed cites the edge of the Lake, which the trial court found to be non-navigable, as one of the boundaries.
 
 Kelly
 
 , though, is not applicable to the present case as Defendant's right springs from an express grant contained in his chain of title, not from the operation of some common law principle.
 

 IV. Conclusion
 

 The trial court correctly concluded that Defendant has certain riparian rights to make reasonable use and enjoyment of the Lake for non-commercial purposes based on the grant of "riparian rights" in Defendant's chain of title.
 

 AFFIRMED.
 

 Judges ELMORE and DAVIS concur.
 

 [1]
 

 Property has been described as a "bundle of sticks," whereby various people/entities could own different rights in the same real estate.
 
 See
 

 United States v. Craft
 
 ,
 
 535 U.S. 274
 
 , 278,
 
 122 S.Ct. 1414
 
 ,
 
 152 L.Ed.2d 437
 
 (2002) (describing property as a "bundle of sticks"). For example, one may own a life estate interest in certain property, another may own a remainder interest in that property, another may have an easement to use the property, the State has the right to condemn the property, and a bank may have a lien against that property.
 
 See also
 

 In re Greens of Pine Glen
 
 ,
 
 356 N.C. 642
 
 , 651,
 
 576 S.E.2d 316
 
 , 322 (2003) (describing that property includes a "bundle of rights" which can be held by various parties).