IN THE SUPREME COURT OF NORTH CAROLINA

No. 123PA22

Filed 22 March 2024

THE SOCIETY FOR THE HISTORICAL PRESERVATION OF THE TWENTY-SIXTH NORTH CAROLINA TROOPS, INC.,

v.

CITY OF ASHEVILLE, NORTH CAROLINA, and BUNCOMBE COUNTY, NORTH CAROLINA.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 282 N.C. App. 700 (2022), affirming an order entered 30 April 2021 by Judge Alan Z. Thornburg in Superior Court, Buncombe County, holding that plaintiff lacked standing to bring claims and failed to state a claim of breach of contract upon which relief could be granted. Heard in the Supreme Court on 1 November 2023.

*H. Edward Phillips III for plaintiff-appellant.*

*City of Asheville City Attorney's Office, by Eric P. Edgerton, Senior Assistant City Attorney, for defendant-appellee City of Asheville.*

*No brief for defendant-appellee Buncombe County.*

*Noel E. Nickle, pro se, amicus curiae.*

BERGER, Justice.

More than a century ago, a monument was erected in Asheville dedicated to Zebulon Vance—former North Carolina Governor, United States Senator, and Confederate Colonel of the 26th North Carolina State Troops. This case arises from

defendants' decision to remove the monument.[1]

The Court of Appeals determined that plaintiff lacked standing to pursue this action. We modify and affirm.

## I.    Factual and Procedural Background

In December 1897, the cornerstone was laid for the monument dedicated to Vance in Asheville's Pack Square Park. By 2008, the monument was in disrepair and at risk of structural instability due to mortar loss and water incursion. Plaintiff is a nonprofit historical preservation organization focused on preserving the history of the 26th North Carolina State Troops and is opposed to removal of the monument.

Plaintiff raised $138,447.38 for the purpose of restoring the monument, and on 30 March 2015, plaintiff executed an agreement with the City of Asheville (defendant City) pursuant to N.C.G.S. § 160A-353 whereby plaintiff agreed to "purchase and conduct the restoration of the Vance Monument . . . and donate said Restoration to [defendant City] upon completion of the work." Section 160A-353 provides that a municipality may "[a]ccept any gift, grant, lease, loan, or devise of real or personal property for parks and recreation programs." N.C.G.S. § 160A-353(6) (2023).

The agreement between plaintiff and defendant City included various logistical details governing the restoration and reconstruction of the monument, including a warranty provision for the work performed and materials utilized in the

---

[1] As defendant Buncombe County has not filed a brief in this case, we will refer to the City of Asheville as a singular defendant.

preservation effort. Plaintiff completed the restoration and donated the monument to defendant City in accordance with the donation agreement.

In December 2020, the Buncombe County Board of Commissioners and the Asheville City Council voted to remove the monument. According to Asheville's City Council, the "Vance Monument ha[d] become a public safety threat in [the] community" because "the monument ha[d] been vandalized and the City ha[d] received significant threats that members of the public w[ould] attempt to topple the structure."

On 23 March 2021, plaintiff filed a complaint against Asheville and Buncombe County seeking to prevent removal of the monument. Specifically, plaintiff alleged that defendant City breached the 2015 agreement, and plaintiff was entitled to entry of a temporary restraining order, preliminary injunction, and a declaratory judgment that N.C.G.S. § 100-2.1, which governs the removal of State-owned monuments, memorials, or other works of art, applied to the monument.

Plaintiff alleged in its complaint that it and the City had entered into a contract because both had a "desire to restore and preserve the Vance Monument in perpetuity." Plaintiff asserted that it did not intend to raise money and expend significant amounts of time over the restoration period only for the monument to be torn down soon after completion. According to plaintiff's complaint, the agreement was the foundation of "a partnership with the City . . . to carry out this crucial and necessary work." Plaintiff also asserted in the complaint that both parties intended

to preserve the monument so that it "is not only part of [our] past, but our future as well."[2]

On 29 March 2021, defendant City filed a motion to dismiss plaintiff's complaint. Defendant City moved to dismiss plaintiff's breach of contract claim under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and moved to dismiss the remainder of plaintiff's claims for relief under both Rules 12(b)(1) and 12(b)(6). Defendant City also moved for an award of attorney's fees under N.C.G.S. § 6-21.5.

On 31 March 2021, plaintiff filed a motion to stay proceedings in the trial court pending this Court's resolution of *United Daughters of the Confederacy, N.C. Div. v. City of Winston-Salem*, 383 N.C. 612 (2022). According to plaintiff's motion to stay, "[t]he issues raised in the present case related to standing and whether N.C.[G.S.] § 100-2.1 applies to objects of remembrance . . . owned by the political subdivisions of the state of North Carolina are identical to those presented in [*United Daughters*]."

On 30 April 2021, the trial court entered an order denying plaintiff's motion to stay proceedings, denying defendant City's motion for attorney's fees, and granting defendant City's motion to dismiss. Regarding defendant City's motion to dismiss under Rule 12(b)(6), the trial court concluded that "in the event that [p]laintiff has properly alleged the existence of a valid contract, the obligations of any potential

---

[2] Plaintiff asserts that this language was used in the agreement which was attached to the complaint. However, we have scrutinized the text of the donation agreement and have been unable to locate the quoted language.

agreement have been fulfilled; therefore, [p]laintiff has failed to sufficiently allege a breach of contract claim." As to defendant City's motion to dismiss under Rule 12(b)(1), the trial court concluded that plaintiff "lacks standing to bring its remaining claims" because plaintiff "and its individual members are not injuriously affected in their persons, property or constitutional rights in a manner to create an actual controversy and standing in this matter." Plaintiff appealed.

At the Court of Appeals, plaintiff failed to meet procedural deadlines governing the filing of the record on appeal and the filing of its appellant brief. On 23 August 2021—more than three months after the appeal was docketed—plaintiff filed a "motion for stay of appellate proceedings," reiterating its argument that the matter should be stayed pending this Court's resolution of *United Daughters* because "[t]he issues raised in the present case are identical." Defendant City opposed the motion and moved to dismiss plaintiff's appeal based upon plaintiff's repeated violations of the Rules of Appellate Procedure. The Court of Appeals denied plaintiff's motion for stay and defendant City's motion to dismiss the appeal.

On 5 April 2022, the Court of Appeals issued an opinion affirming the trial court's order. However, in addition to determining that dismissal of plaintiff's breach of contract claim pursuant to Rule 12(b)(6) was proper, the Court of Appeals also concluded that plaintiff had no standing to bring its breach of contract claim—a conclusion the trial court never made. *Soc'y for the Hist. Pres. of the Twenty-sixth N.C. Troops, Inc. v. City of Asheville*, 282 N.C. App. 707, 708 (2022). In addition, the

Court of Appeals determined that dismissal of plaintiff's claims for a temporary restraining order, preliminary injunction, and declaratory judgment under Rule 12(b)(1) was appropriate because plaintiff failed to sufficiently allege an ownership interest or other legal interest in the monument. *Id.* at 707. Plaintiff was, thus, "unable to establish a legal injury" and "therefore unable to establish standing for its claims." *Id.*

On 13 December 2022, this Court allowed plaintiff's petition for discretionary review to consider whether the Court of Appeals erred in affirming the trial court's dismissal of plaintiff's complaint.

## II. Analysis

We review a lower court's decision on a motion to dismiss for lack of standing de novo. *United Daughters*, 383 N.C. at 624. In undertaking this review, the allegations contained in the complaint are presumed to be true, and these assertions along with

> the supporting record [are viewed] in the light most favorable to the non-moving party, with this being the applicable standard of review regardless of whether the complaint is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) or for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6).

*Id.* (cleaned up).

This Court has "consistently recognized that standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction," *United*

*Daughters*, 383 N.C. at 649 (cleaned up), and a motion to dismiss for lack of standing is properly made under Rule 12(b)(1). A party seeking to enjoin the removal of a monument owned by a political subdivision of this State through a private suit must, at minimum, allege a legal interest for their claims to survive a motion to dismiss under Rule 12(b)(1). *Id.*

As the parties have acknowledged, many of the issues addressed by this Court in *United Daughters* are "identical" to the issues presented here. There, the organizational plaintiff challenged a municipality's decision to remove a monument from the grounds of a Forsyth County courthouse. *Id.* at 614. The plaintiff alleged that it had funded the erection of the monument in 1905 but did not "claim to own the monument or to have any sort of contractual or property interest in it." *Id.* at 615.

After the defendants removed the monument in that case, the plaintiff filed a complaint seeking a temporary restraining order, a preliminary injunction, and a declaratory judgment. *Id.* at 619. The defendants moved to dismiss for lack of standing pursuant to Rule 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *Id.* The trial court allowed the defendants' motion and dismissed the complaint with prejudice, and a divided panel of the Court of Appeals affirmed. *Id.* at 620–21. The plaintiff appealed to this Court based upon a dissent in the Court of Appeals. *Id.* at 624.

This Court affirmed in part, reversed in part, and remanded the case to the

trial court to dismiss plaintiff's complaint without prejudice. *Id.* at 651. We held, in relevant part, that because the plaintiff did not allege any ownership or contractual interest in the monument, the plaintiff had "failed to identify any legal right conferred by the common law, state or federal statute, or the state or federal constitutions of which they have been deprived by [the] defendants' conduct." *Id.* at 629. Notably, the plaintiff in *United Daughters* alleged neither the existence of a valid contract between the parties nor the breach of any such contract. *Id.* at 630.

In addition, we reiterated in *United Daughters* that "[w]hen a person alleges the infringement of a legal right arising under a cause of action at common law, a statute, or the North Carolina Constitution, . . . the legal injury itself gives rise to standing." *Id.* at 626 (alterations in original) (quoting *Comm. to Elect Dan Forest v. Emps. Pol. Action Comm.*, 376 N.C. 558, 608 (2021)). This is so because our Constitution provides that "every person for an injury done to him in his lands, goods, person, or reputation shall have remedy by due course of law." N.C. Const. art. I, § 18, cl. 2.

It should be self-evident that our holding in *United Daughters* was limited to the facts of that case, rather than a blanket holding that individuals or organizations can never challenge the removal of historical monuments. If such parties, like the plaintiff in *United Daughters*, fail to allege the infringement of a legal right arising under a cause of action at common law, a statute, or the North Carolina Constitution, dismissal is appropriate. *See United Daughters*, 383 N.C. at 633. Conversely, if such

parties establish standing by alleging an ownership, contractual, or other cognizable interest as described in our precedent, dismissal under Rule 12(b)(1) is error. *See id.* at 626.

This Court has "long held that a plaintiff can maintain an action for infringement of a common law interest irrespective of any 'actual' injury that may occur." *Comm. to Elect Dan Forest*, 376 N.C. at 596.

> For instance, we have not dismissed trespass actions where there is no allegation of harm beyond the infringement of the legal right. *See Keziah v. Seaboard Air Line R. Co.*, 272 N.C. 299, 311 (1968) ("Any unauthorized entry on land in the actual or constructive possession of another constitutes a trespass, *irrespective of degree of force used or whether actual damages is done*." (emphasis added)); *see also Hildebrand v. Southern Bell*, 219 N.C. 402, 408 (1941) (holding landowner "is entitled to be protected as to that which is his without regard to its monetary value"). Indeed, "[s]uch entry entitle[s] the aggrieved party to at least nominal damages." *Keziah*, 272 N.C. at 311. Actions for breach of contract can, in some circumstances, proceed on a theory of nominal damages. *See, e.g.*, *Bryan Builders Supply v. Midyette*, 274 N.C. 264, 271 (1968) (explaining that in a contract action proof of breach alone is enough to avoid judgment of nonsuit). Even in a common law action where actual injury is a necessary element of the claim, such as negligence, the proper disposition for failure to allege actual injury or damages is not dismissal for lack of standing, but dismissal for failure to state a claim upon which relief can be granted. *See, e.g.*, *Hansley v. Jamesville & W.R. Co.*, 115 N.C. 602, 613 (1894) ("Neither negligence without damage nor damage without negligence will constitute any cause of action.").

*Id.* (alterations in original).

Here, the Court of Appeals held that plaintiff lacked standing to bring its

claims for breach of contract, a temporary restraining order, a preliminary injunction, and a declaratory judgment. *See Soc'y for the Hist. Pres.*, 282 N.C. App. at 705–707. In so doing, the Court of Appeals purported to affirm the trial court's order granting defendant City's motion to dismiss these claims for lack of standing under Rule 12(b)(1). *Id.* at 706. However, contrary to the Court of Appeals' analysis, the trial court did not dismiss plaintiff's breach of contract claim for lack of standing under Rule 12(b)(1). Instead, the trial court ruled that because the donation agreement had been completed, plaintiff had "failed to sufficiently allege a breach of contract claim." Plaintiff's breach of contract claim was therefore dismissed under Rule 12(b)(6).

Thereafter, the trial court concluded that plaintiff "lack[ed] standing to bring its remaining claims," i.e., its claims for a temporary restraining order, a preliminary injunction, and a declaratory judgment. The trial court's proper distinction of dismissal under Rule 12(b)(1) and dismissal under Rule 12(b)(6) aligns with defendant City's motion to dismiss, which sought dismissal of plaintiff's breach of contract claim *only* "pursuant to 12(b)(6)" and dismissal of the remaining claims "pursuant to Rule 12(b)(1) and 12(b)(6)."

The Court of Appeals' misapprehension of these issues would alone warrant reversal of its conclusion that plaintiff lacked standing to bring its breach of contract claim. Nevertheless, we take this opportunity to reiterate that "[w]hen a person alleges the infringement of a legal right arising under a cause of action at common law, a statute, or the North Carolina Constitution, . . . the legal injury itself gives rise

to standing." *Comm. to Elect Dan Forest*, 376 N.C. at 608.

Where a party alleges the existence of a valid contract and that such contract has been breached, that party has alleged a legal injury that gives rise to standing. Here, the Court of Appeals reasoned that plaintiff lacked standing because it failed to "sufficiently allege a breach of contract claim." *Soc'y for the Hist. Pres.*, 282 N.C. App. at 706. This failure goes to dismissal under Rule 12(b)(6) for failure to state a claim, not dismissal under Rule 12(b)(1) for lack of standing. *See Comm. to Elect Dan Forest*, 376 N.C. at 596 ("Even in a common law action where actual injury is a necessary element of the claim, such as negligence, the proper disposition for failure to allege actual injury or damages is not dismissal for lack of standing, but dismissal for failure to state a claim upon which relief can be granted.").

However, the end result is the same. The Court of Appeals alternatively affirmed the trial court's dismissal of plaintiff's breach of contract claim pursuant to Rule 12(b)(6), and plaintiff failed to argue the merits of its breach of contract claim in its brief to this Court. Our Rules of Appellate Procedure provide that "review in the Supreme Court is limited to consideration of the issues . . . properly presented in the new briefs." N.C. R. App. P. 16(a). As such, this issue has been abandoned by plaintiff, and we express no opinion as to this portion of the Court of Appeals' decision.

As to plaintiff's remaining claims, we agree that "[i]t is somewhat unclear what legal injury plaintiff asserts, in both the complaint and the present appeal, in seeking the [temporary restraining order], preliminary injunction, and declaratory

-11-

judgment." *Soc'y for the Hist. Pres.*, 282 N.C. App. at 706. Although plaintiff's breach of contract claim prevents this Court from agreeing that this case is "identical" to *United Daughters*, plaintiff's failure to argue the merits of that claim requires us to hold that plaintiff's remaining claims suffer the same defect that was present in *United Daughters*.

Accordingly, we affirm the portion of the Court of Appeals' decision affirming the trial court's dismissal of plaintiff's claims for a temporary restraining order, a preliminary injunction, and a declaratory judgment for lack of standing under Rule 12(b)(1).

## III. Conclusion

For the reasons stated herein, we reverse the Court of Appeals' determination that plaintiff's breach of contract claim should be dismissed for lack of standing. However, plaintiff abandoned the merits of its breach of contract claim in its appeal to this Court. Therefore, plaintiff has failed to assert any ground for which it has standing to contest removal of the monument, and we affirm the portion of the Court of Appeals' decision affirming the trial court's dismissal of plaintiff's claims for a temporary restraining order, a preliminary injunction, and a declaratory judgment.

MODIFIED AND AFFIRMED.